**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PHH MORTGAGE CORPORATION; (See Summons Additional
Parties, Filed Concurrently)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHARLOTTE JACKSON

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Tulare County Superior Court
640 S Alta Ave.
Dinuba, CA 93618

</td><td>

CASE NUMBER:
*(Número del Caso):*
VCU290860

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tony Cara, CDLG, PC, 2973 Harbor Boulevard, Suite 594 Costa Mesa, CA 92626 (888) 615-6765

<table>
<tr><td>

DATE:
*(Fecha)* 03/16/2022

</td><td>Mark Dimas</td><td>Clerk, by
*(Secretario)*</td><td>*Mark A. Dimas*</td><td>, Deputy
*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

Stephanie Cameron

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  PHH MORTGAGE CORPORATION

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT 1**
**PAGE 1 OF 59**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| JACKSON v. PHH MORTGAGE CORPORATION, et al. | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2006-WPAC2, POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2006; and DOES 1-10, inclusive,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT 1
PAGE 2 OF 59

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Tony Cara, SBN 170720, CDLG, PC
2973 Harbor Boulevard, Suite 594, Costa Mesa, CA 92626

TELEPHONE NO.: (888) 615-6765   FAX NO. *(Optional)*: (888) 660-8874
ATTORNEY FOR *(Name)*: Plaintiff Charlotte Jackson

**ELECTRONICALLY FILED**
Superior Court of California,
County of Tulare
03/16/2022
By: Mark Dimas, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE
STREET ADDRESS: 640 S Alta Ave.
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Dinuba, CA 93618
BRANCH NAME: Main Courthouse

CASE NAME:
JACKSON v. PHH MORTGAGE CORPORATION, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: VCU290860 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[x] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: 7
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 16, 2022
Tony Cara, Esq.
(TYPE OR PRINT NAME)   *Tony Cara*   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

EXHIBIT 1
PAGE 3 OF 59

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

---

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

For your protection and privacy, please press the Clear
This Form button after you have printed the form.   | Print this form |   | Save this form |   | Clear this form |

EXHIBIT 1
PAGE 4 OF 59

Assigned to Judicial Officer
Bret D Hillman

For All Purposes

CDLG, PC
Tony Cara, Esq., SBN 170720
2973 Harbor Boulevard, Suite 594
Costa Mesa, CA 92626-3912
Phone: (888) 615-6765
Fax: (888) 660-8874
Litigation.CDLG@gmail.com
Attorney for Plaintiff, Charlotte Jackson

**ELECTRONICALLY FILED**
Superior Court of California,
County of Tulare
**03/16/2022**
By: Mark Dimas, Deputy Clerk

**Case Management Conference**
07/18/2022 08:30 AM - Department 07

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF TULARE

VCU290860

CHARLOTTE JACKSON,

    Plaintiff,

v.

PHH MORTGAGE CORPORATION;
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR GSAMP
TRUST 2006-WPAC2, POOLING AND
SERVICING AGREEMENT DATED
AS OF NOVEMBER 1, 2006; and DOES 1-
10, inclusive,

    Defendants.

**PLAINTIFF'S COMPLAINT FOR:**

1. **VIOLATION OF CIV. CODE § 2924(a)(1);**
2. **VIOLATION OF CIV. CODE § 2924.9;**
3. **\NEGLIGENCE;**
4. **WRONGFUL FORECLOSURE;**
5. **INTERPLEADER PURSUANT TO CODE CIV.PROC. §386, CIV. CODE §§ 2924j AND 2924k;**
6. **UNFAIR BUSINESS PRACTICES, VIOLATION OF BUS. & PROF. CODE § 17200, ET SEQ.;**
7. **CANCELLATION OF WRITTEN INSTRUMENTS, CIV.CODE § 3412;**

(Amount in controversy less than $75,000)

    **COMES NOW** plaintiff Charlotte Jackson, ("PLAINTIFF"), by and through her counsel, allege as follows:

EXHIBIT 1
PAGE 5 OF 59

**PARTIES**

1.      PLAINTIFF is, and at all relevant times mentioned herein were, residents of Tulare County, California, and are the rightful and lawful owners of real property commonly known as 4747 W. Ashland Ave., Visalia, CA 93277, ("Subject Property"), and is her personal and principal residence.

2.      Defendant PHH Mortgage Corporation, ("PHH DEFENDANT") is a corporation with its principal place of business in Mr. Laural, New Jersey. PHH DEFENDANT conducts, and at all times mentioned herein conducted, business in Tulare County, California. Its agent for service of process is Corporation Service Corporation. PHH DEFENDANT is the purported current loan servicer of the mortgage loan that is the subject of the allegations complained of herein.

3.      Defendant Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2006-WPAC2, Pooling and Servicing Agreement Dated as of November 1, 2006, ("GSAMP DEFENDANT") is a securitized trust with its principal place of business in West Palm Beach, Florida. GSAMP DEFENDANT conducts, and at all times mentioned herein conducted, business in Tulare County, California. Its agent for service of process is Deutsche Bank National Trust Company. GSAMP DEFENDANT is the purported current beneficiary of the mortgage loan that is the subject of the allegations complained of herein.

4.      PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1-10, inclusive, and therefore sues them by fictitious names. PLAINTIFF will amend this complaint to allege DOES' true names and capacities when they are ascertained.

5.      PLAINTIFF alleges that DOES 1-10 claim some right, title, estate, lien or interest in the Subject Property that is adverse to PLAINTIFF's own title. Each of these claims constitutes a cloud on PLAINTIFF's title to the Subject Property from which they seek relief.

6.      PLAINTIFF alleges that DOES 1-10 are contractually, strictly, negligently, intentionally or vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this complaint, and that DOES 1-10 are indebted to PLAINTIFF as hereinafter alleged.

//

//

---

2

JACKSON v. PHH MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

EXHIBIT 1
PAGE 6 OF 59

**JURISDICTION AND VENUE**

7.      Jurisdiction of this Court arises under *Cal. Const. Art. VI §10* and *Code Civ.Proc.* §410.10 et seq. because DEFENDANTS engaged in business in the State of California and the acts of wrongdoing alleged in this complaint occurred in California. DEFENDANTS have more than "sufficient minimum contacts" within the State of California such that this Court's exercise of personal jurisdiction over DEFENDANTS herein "does not offend the traditional notions of fair play and substantial justice." DEFENDANTS herein purposefully directed her activities to the State of California and consummated a transaction with a resident of the State of California, such as PLAINTIFF herein. As a result, DEFENDANTS caused an event or events to occur in California, and more particularly in Tulare County, California, out of which this action arises and which forms the basis of this action.

8.      Venue is proper in this Court pursuant to *Code Civ.Proc.* § 392(a) because DEFENDANTS' liability to PLAINTIFF arose within the jurisdictional region of this Court. This Court has jurisdiction over the parties. PLAINTIFF is residents of Visalia, California. All DEFENDANTS regularly engage in business within Tulare County, California, and the real property is located in Tulare County, California.

9.      PLAINTIFF is suing for damages that are related to violation various California statutes and the Homeowner Bill of Rights Act wherein the amount of controversy is approximately $75,000.00 and/or according to proof.

**GENERAL AND FACTUAL ALLEGATIONS**

10.     PLAINTIFF alleges that on or about August 16, 2005, PLAINTIFF's obtained a mortgage loan on the Subject Property from WMC Mortgage Corp. in the amount of $317,600, memorialized by a Deed of Trust. The maturity due date is undisclosed. The Trustee is Westwood Associates. This Deed of Trust was recorded in the Tulare County, California Recorder's Office as Instrument No. 20050008741.

11.     PLAINTIFF alleges that on or about August 16, 2005, PLAINTIFF's obtained a mortgage loan on the Subject Property from WMC Mortgage Corp. in the amount of $79,400, memorialized by a Deed of Trust. The maturity due date is undisclosed. The Trustee is Westwood

JACKSON v. PHH MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

EXHIBIT 1
PAGE 7 OF 59

Associates. This Deed of Trust was recorded in the Tulare County, California Recorder's Office as Instrument No. 20050008742. **(Exhibit "A", Deed of Trust)**

       12.    PLAINTIFF alleges that on August 23, 2011, an Assignment of the Deed of Trust was recorded in the Tulare County, California Recorder's Office as Instrument No. 2011-0048790. This assignment purported to assign the Deed of Trust from MERS to Deutsche Bank Notional Trust Company as trustee under the Pooling and Servicing Agreement dated as of November 1.2005, GSAMP Trust 2005-WMC2. **(See Exhibit "B", Assignment of Deed of Trust)**

       13.    PLAINTIFF alleges that on April 6, 2012, a Second Assignment of the Deed of Trust was recorded in the Tulare County, California Recorder's Office as Instrument No. 2032-0020978. This assignment purported to assign the Deed of Trust from WMC MORTGAGE CORPORATION to GSAMP DEFENDANT. **(See Exhibit "C", Assignment of Deed of Trust No. 2)**

       14.    PLAINTIFF alleges that on September 19, 2019, a Chapter 13 Bankruptcy Petition was filed. On June 16, 2021, this petition was dismissed. **(Exhibit "D", 1st Chapter 13 Bankruptcy Petition).**

       15.    PLAINTIFF alleges that on August 27, 2021, a Chapter 13 Bankruptcy Petition was filed. On December 20, 2021, this petition was dismissed. **(Exhibit "E", 2nd Chapter 13 Bankruptcy Petition).**

       16.    PLAINTIFF alleges that on March 22, 2021, a Notice of Default and Election to Sell Under a Deed of Trust was recorded in the Tulare County, California Recorder's Office as Instrument No. 2021-0019655.  **(See Exhibit "F", Notice of Default and Election to Sell Under a Deed of Trust)**

       17.    PLAINTIFF alleges that on June 24, 2021, a Notice of Trustee's Sale was recorded in the Tulare County, California Recorder's Office as Instrument No. 2021-0046405.  **(See Exhibit "G", Notice of Trustee's Sale).** The sale date was set for August 31, 2021, and was continued to January 7, 2022, and the Subject Property was sold on that date.

       18.    PLAINTIFF filed for Chapter 13 Bankruptcy, and she did ask PHH DEFENDANT for a modification. However, she was as told she could not apply because she was in Bankruptcy. This is not the case. She is protected along with the property under the law. PHH DEFENDANT must get approval

---

4

JACKSON v. PHH MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

EXHIBIT 1
PAGE 8 OF 59

from the Bankruptcy court if they offer it to her so that the payment plan will change and be modified. This required PHH DEFENDANT has to provide the Bankruptcy Court Trustee with a new claim. The second issue is that according to a recent decision, HBOR would not apply while the borrower is protected in the Chapter 13, Bankruptcy; but HBOR does apply if as in this case, her case was dismissed.

19.    PLAINTIFF was in Chapter 13 bankruptcy when the Notice of Default was recorded on March 22, 2021 and the NTS was on June 24, 2021. PLAINTIFF missed payments around August 2021 due to her mother's death, but her attorney stated that she could double up in September. PLAINTIFF was in and out of Chapter 13 Bankruptcy. The most important fact is that yes there is no HBOR because property was protected by the bankruptcy.

20.    Chapter 13 Bankruptcy case no. 21-12079 was filed August 27, 2021. This would be a 30-day automatic stay. On September 7, 2021, PLAINTIFF filed a Motion the extend the Automatic Stay. Looking at the docket it does not show that it was objected, denied or approved. So up until that time, PLAINTIFF was protected under the 30-day automatic stay. This is very important and it will connect with case number 19-13984, filed on September 19, 2021 and active until  It was active and was dismissed on June 16, 2021.

21.    PLAINTIFF was protected by the Bankruptcy Automatic Stay, so all foreclosure must cease at the time of filing and up until case is dismissed unless DEFENDANTS have the relief of stay granted.  On March 26, 2021, the Bankruptcy Plan was confirmed by the Trustee, and PLAINTIFF was active. PLAINTIFF was making payments to the trustee of the Bankruptcy court. PLAINTIFF was making monthly payments since at least end of 2019 and through 2020 when she had a payment plan in place. PLAINTIFF was delinquent, but PLAINTIFF'S payment was made as verified by the continuance of the bankruptcy.

22.    We need to challenge the reinstatement amount also on the Notice of Default because she was making payments via Bankruptcy trustee. This case was dismissed in December as the client's mother passed away and a month later her father passed away, so PLAINTIFF was in Arkansas in November 2021 to December 2021.

23.    When PLAINTIFF returned, she was told by her Bankruptcy attorney that the case was

EXHIBIT 1
PAGE 9 OF 59

dismissed. However, a third Bankruptcy case was filed on January 17, 2022. The servicer needs to Void out the NOD and should have reissued it. They did not do so. Second, if PHH DEFENDANT rerecorded the Notice of Default when PLAINTIFF's second case was dismissed, or after the extension was applied for by the borrower, it would have made sense to sell the Subject Property on January 7, 2022. Instead, DEFENDANTS chose not to do this, and now the Notice of Default and Notice of Trustee's Sale are void. PLAINTIFF remains in bankruptcy.

24.     PLAINTIFF alleges that GSAMP DEFENDANT failed to advise PLAINTIFF in writing within 30 days that her Deed of Trust was transferred or assigned to a third party, and that it is the new owner or assignee of the debt is illegal in violation of Title 15 U.S.C. § 1641(g).

**CAUSES OF ACTION/REMEDIES**

**FIRST CAUSE OF ACTION**

**VIOLATION OF CIV. CODE § 2924(a)(1),**

**LACK OF AUTHORITY TO FORECLOSE ON PROPERTY**

**(AGAINST PHH DEFENDANT and GSAMP DEFENDANT)**

25.     PLAINTIFF re-alleges and incorporates all preceding paragraphs as though set forth fully herein.

26.     PLAINTIFF is the owner of the Subject Property.

27.     On March 22, 2021, PHH DEFENDANT and GSAMP DEFENDANT recorded a Notice of Default on the Subject Property. **(See Exhibit "F")**

28.     On June 24, 2021, PHH DEFENDANT and GSAMP DEFENDANT recorded a Notice of Trustee's Sale on the Subject Property. **(See Exhibit "G")**

29.     Civ.Code §2924(a)(1) requires that the trust deed beneficiary or its agent be the one that authorizes the foreclosure proceeding by filing the Notice of Default and related procedures.

30.     PHH DEFENDANT and GSAMP DEFENDANT failed to comply with the requirements of Civ.Code § 2924(a)(1) in that the Notice of Default did not include the required statutory requirements: The Notice of Default is void or voidable in that the purported Trustee Western Progressive, LLC failed to record a Substitution of Trustee with the Tulare County Recorder's Office in

EXHIBIT 1
PAGE 10 OF 59

violation of Civ. Code §2934a(a)(1), and rendering the Notice of Default, Notice of Trustee's Sale and the Trustee's Deed Upon Sale re foreclosure sale void pursuant to Civ. Code §2934a(e) and 2924(a)(6).

31.     Further, because PLAINTIFF was in Bankruptcy, the Automatic Stay pursuant to Title 11 U.S.C. § 362(a)(4) rendered PHH DEFENDANT and GSAMP DEFENDANT as without authority to foreclose.

32.     PLAINTIFF has incurred damages for the improper recording of a Notice of Default as it causes immediate damage to a person's credit, causes increased emotional and mental suffering and can cause increased costs being levied based on the Notice of Default being filed which are charged to the loan balance.

33.     These errors in the Notice of Default, Notice of Trustee's Sale, Trustee's Deed Upon Sale give this court proper grounds to vacate the faulty foreclosure procedure.

## SECOND CAUSE OF ACTION

### VIOLATION OF CIV.CODE §2924.9, FAILURE TO PROVIDE HOMEOWNER WITH FORECLOSURE ALTERNATIVES

### (AGAINST PHH DEFENDANT and GSAMP DEFENDANT)

34.     PLAINTIFF realleges and incorporate all preceding paragraphs as though set forth fully herein.

35.     On March 22, 2021, PHH DEFENDANT and GSAMP DEFENDANT recorded a Notice of Default on the Subject Property. **(See Exhibit "F")**

36.     PHH DEFENDANT and GSAMP DEFENDANT failed to notify PLAINTIFF of all foreclosure prevention alternatives within 5 business days after Notice of Default recorded, as required by Civ.Code §2924.9.

37.     PLAINTIFF was living in the Subject Property when the Notice of Default was recorded. PLAINTIFF did not receive any phone calls or phone messages, and did not receive any pieces of mail that referred to discussions about alternatives to foreclosure before it was commenced. If PLAINTIFF did receive such contact and communication, they would have taken action to avoid the foreclosure of the Subject Property with other lending sources.

38.     PLAINTIFF is entitled to an injunction prior to foreclosure, or civil and statutory

7

JACKSON v. PHH MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

EXHIBIT 1
PAGE 11 OF 59

penalties post-foreclosure against PHH DEFENDANT and GSAMP DEFENDANT in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

## NEGLIGENCE

### (AGAINST PHH DEFENDANT and GSAMP DEFENDANT)

39. PLAINTIFF realleges and incorporate all preceding paragraphs as though set forth fully herein.

40. Recently, California courts have taken the position that a bank or lender may owe the borrower a duty not to act negligently in handling a loan modification application once it has undertaken to review the application. *Lueras v. BAC Home Loans Servicing LP* (2013) 221 Cal. App. 4th 49, 49, 63.

41. Typically, a financial institution owes no duty of care to a borrower. Yet it may where its activities either exceed those of a conventional lender or according to a review of six non-exhaustive factors. These factors are: 1) the extent to which the transaction was intended to affect the PLAINTIFF; 2) the foreseeability of harm to them; 3) the degree of certainty that the PLAINTIFF suffered injury; 4) the closeness of the connection between PHH DEFENDANT and GSAMP DEFENDANT's conduct and the injury suffered; 5) the moral blame attached to PHH DEFENDANT and GSAMP DEFENDANT's conduct; and 6) the policy of preventing future harm.

42. PLAINTIFF alleges that PHH DEFENDANT and GSAMP DEFENDANT were negligent in processing the loan modification application.

43. PLAINTIFF alleges that PHH DEFENDANT and GSAMP DEFENDANT breached their duty of ordinary care and good faith to PLAINTIFF, and their duty not to put PLAINTIFF in a worse position than when they:

 a. Used a Trustee, Servicer or Beneficiary that lacked legal authority to conduct the Trustee's Sale in violation of Civ. Code § 2924 (a)(1), Civ. Code §2934a(a)(1), 2934(a)(e) and 2924(a)(6);

 b. Failed to notify PLAINTIFF of foreclosure alternatives within 5 business days after recording a Notice of Default in violation of Civ. Code § 2924.9 and

8

EXHIBIT 1
PAGE 12 OF 59

2923.5.

  c. Violated Title 15 U.S.C. § 1641(g) by failing to contact PLAINTIFF after recording an Assignment of the Deed of Trust and notify the that it is the new beneficiary of the Deed of Trust.

44. Under *Biakanja v. Irving*, there are six (6) factors courts must analyze in determining whether a lender or servicer owes the borrower a duty of care: (1) the extent to which the transaction was intended to affect the PLAINTIFF; (2) the foreseeability of harm to him; (3) the degree of certainty that the PLAINTIFF  suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct; and (6) the policy of preventing future harm. *Biakanja*, 49 Cal.2d at 650.

45. PHH DEFENDANT and GSAMP DEFENDANT owed PLAINTIFF a duty of care as her activities *exceeded* the <u>traditional scope of conventional money lending.</u>  PHH DEFENDANT and GSAMP DEFENDANT's activities exceeded this scope when they undertook to review PLAINTIFF for modification assistance.

46. PHH DEFENDANT and GSAMP DEFENDANT's breaches are the ***actual*** and ***proximate cause*** of PLAINTIFF's damages because, but for her breaches, PLAINTIFF would not have lost her home. As a consequence of PHH DEFENDANT and GSAMP DEFENDANT's practice in this regard, PLAINTIFF suffered damages by **(1)** spending numerous hours and resources in providing them with updated financial documents; **(2)** loss of income due to borrowers' loss of hours at work in order to facilitate PHH DEFENDANT and GSAMP DEFENDANT's repetitive request for unnecessary documents; **(3)** incurred additional and unnecessary late penalties on top of the default servicing which included the recording of the Notice of Sale; **(4)** damaged her credit reports in the process; and **(5)** higher arrears that is no longer affordable to PLAINTIFF.

47. PLAINTIFF demand restitution damages in an amount to be determined at trial and to disgorge PHH DEFENDANT and GSAMP DEFENDANT's profits. PLAINTIFF incurred copying and faxing costs and attorney fees in the loan modification application process.

//

//

---

9

JACKSON v. PHH MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

EXHIBIT 1
PAGE 13 OF 59

**FOURTH CAUSE OF ACTION**

**WRONGFUL FORECLOSURE**

**(AGAINST PHH DEFENDANT and GSAMP DEFENDANT)**

48.    PLAINTIFF realleges and incorporate all preceding paragraphs as though set forth fully herein.

49.    On January 7, 2022, PHH DEFENDANT and GSAMP DEFENDANT wrongfully foreclosed on the Subject Property based upon violations of Civ.Code §2924(a)(1), 2934a(a)(1), 2924a(e) and 2924(a)(6) and 2924.9. They further violated the Chapter 13 bankruptcy Stay pursuant to

50.

51.    PHH DEFENDANT and GSAMP DEFENDANT caused an illegal, fraudulent, or willfully oppressive sale of the Subject Property pursuant to a power of sale in a mortgage or deed of trust;

52.    PLAINTIFF suffered prejudice or harm as a result of the wrongful foreclosure trustee sale.

53.    PLAINTIFF is excused from the tender requirement because of PHH DEFENDANT and GSAMP DEFENDANT's violations of Civ.Code §2924(a)(1), 2934a(a)(1), 2924(a)(e) and 2924(a)(6) and 2924.9.

54.    PLAINTIFF is entitled to monetary damages for the loss of the Subject Property and her investment in it.

55.    PLAINTIFF is entitled to have the wrongful foreclosure vacated, and have the Trustee's Deed Upon Sale, Notice of Default and Notice of Trustee's Sale cancelled.

56.    PLAINTIFF is entitled to punitive damages for wrongful foreclosure. See *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 345. The managing agents of PHH DEFENDANT and GSAMP DEFENDANT were responsible for setting her illegal and unauthorized foreclosure and related tort actions.

**FIFTH CAUSE OF ACTION**

**INTERPLEADER PURSUANT TO CODE CIV.PROC. §386, CIV. CODE §§ 2924j AND 2924k**

**(AGAINST PHH DEFENDANT and GSAMP DEFENDANT)**

10

EXHIBIT 1
PAGE 14 OF 59

57.    PLAINTIFF realleges and incorporate all preceding paragraphs as though set forth fully herein.

58.    On January 7, 2022, PHH DEFENDANT and GSAMP DEFENDANT foreclosed on the Subject Property and recorded a Trustee's Deed Upon Sale.

59.    PHH DEFENDANT and GSAMP DEFENDANT had a duty to return to PLAINTIFF all surplus money from the Trustee Sale dated PHH DEFENDANT and GSAMP DEFENDANT, and pursuant to and pursuant to Code Civ.Proc. §386, Civ.Code §§ 2924j and §2924k.

60.    The debt or duty is claimed by both or all the parties against whom the relief is demanded by PHH DEFENDANT and GSAMP DEFENDANT and PLAINTIFF.

61.    All of the adverse titles or claims are dependent, or be derived from a common source of the proceeds of a trustee's sale under the Deed of Trust.

62.    PLAINTIFF no longer have any interest in the subject matter.

63.    PLAINTIFF currently have no independent liability to PHH DEFENDANT and GSAMP DEFENDANT.

64.    PHH DEFENDANT and GSAMP DEFENDANT are in possession of surplus funds from the trustee's sale of the Subject Property totaling an amount to be determined at trial.

65.    PHH DEFENDANT and GSAMP DEFENDANT failed to distribute surplus funds after the Trustee's Sale of the Subject Property to PLAINTIFF.

66.    PLAINTIFF ask this court to intervene by way of interpleader and determine that he is entitled to all surplus funds from the trustee's sale of the Subject Property pursuant to Code Civ.Proc. §386.

## SIXTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES, VIOLATION OF BUS. & PROF.CODE §17200, ET SEQ.

### (AGAINST PHH DEFENDANT and GSAMP DEFENDANT)

67.    PLAINTIFF realleges and incorporate all preceding paragraphs as though set forth fully herein.

68.    PHH DEFENDANT is engaged in the business of lending money for real property purchases and selling mortgages/deed of trust as secured loans, and or servicing those loans.

11

JACKSON v. PHH MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

EXHIBIT 1
PAGE 15 OF 59

69.     GSAMP DEFENDANT is engaged in the business of securitized, real estate investment trust on Wall Street, New York City, New York.

70.     PLAINTIFF alleges that PHH DEFENDANT and GSAMP DEFENDANT violated Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in unlawful, unfair, and fraudulent business practices as alleged above.

71.     PLAINTIFF alleges that PHH DEFENDANT and GSAMP DEFENDANT violated the "unfair," "unlawful," and "fraudulent" prongs of the UCL resulting in injury and economic loss to PLAINTIFF when they purposely violated Civ. Code §§2924(a)(1), and 2924.9.

72.     GSAMP DEFENDANT's business practices of failing to advise homeowners in writing within 30 days that her Deed of Trust was transferred or assigned to a third party, and that it is the new owner or assignee of the debt is illegal in violation of Title 15 U.S.C. § 1641(g).

73.     These acts and more are unlawful and unfair conduct has caused substantial harm to PLAINTIFF and the California citizenry at large.

74.     A borrower may bring an unfair claim per the statute by alleging that a servicer's statements or conduct was misleading.

75.     In the present case, the information provided to PLAINTIFF was certainly misleading and not consistent as to the status of the loan modification and what she was supposed to do to satisfy the lender's demands.

76.     PLAINTIFF has suffered an actual, pecuniary injury of the loss of the equity in the value of the Subject Property, and the costs of seeking a remedy for PHH DEFENDANT and GSAMP DEFENDANT's wrongful actions.

77.     Under the three-factor analysis test found in *Zuniga v. Bank of America, N.A.,* 2014 WL 7156403 (C.D. Cal. Dec. 9, 2014), PLAINTIFF has stated a viable UCL claim.

78.     PLAINTIFF demand restitution, and that PHH DEFENDANT and GSAMP DEFENDANT disgorge their illicit profits and that PLAINTIFF receive all monetary awards statutorily due to them.

//

//

12

JACKSON v. PHH MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

EXHIBIT 1
PAGE 16 OF 59

**SEVENTH CAUSE OF ACTION**

**CANCELLATION OF WRITTEN INSTRUMENTS, CIV. CODE § 3412**

**(AGAINST PHH DEFENDANT and GSAMP DEFENDANT)**

79.     PLAINTIFF realleges and incorporate by reference all proceeding paragraphs as though fully set forth herein.

80.     Pursuant to Civ.Code §2924a(a)(1), any party that is substituted in as Trustee must record a substitution of trustee with the local county recorder's office, and if violated, renders the foreclosure sale void pursuant to Civ. Code §2934a(e) and 2924a(a)(6).

81.     Further, because PLAINTIFF was in Bankruptcy, the Automatic Stay pursuant to Title 11 U.S.C. § 362(a)(4) rendered PHH DEFENDANT and GSAMP DEFENDANT as without authority to foreclose.

82.     PLAINTIFF has a reasonable belief that the Notice of Default, instrument no. 2021-0019655 and Notice of Trustee's Sale, instrument no. 2021-0046405 are voidable or void ab initio. **(Exhibits "F" and "G")**

83.     PLAINTIFF has a reasonable apprehension that if these voidable or void ab initio recorded written instruments are left outstanding, they may cause serious injury to PLAINTIFF because of her violations of Civ. Code §§2924(a)(1), 2934a(a)(1), 2924a(e) and 2924a(a)(6) and 2924.9.

84.     PLAINTIFF seeks to cancel the hereinabove written instruments pursuant to Civ.Code §3412 due to her being voidable or void, clouds on title and wrongfully recorded.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF pray for judgment in her favor and against DEFENDANTS and each of them as follows:

1.     For compensatory, special and general damages in an amount subject to proof at trial;

2.     For restitution and the disgorgement of profits;

3.     For an injunction cancelling the void or voidable written instruments;

4.     For an injunction vacating the wrongful foreclosure;

5.     For the disbursement of all surplus funds from the Trustee's Sale;

6.     For punitive damages for wrongful foreclosure;

---

13

JACKSON v. PHH MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

EXHIBIT 1
PAGE 17 OF 59

7.    For reasonable costs of suit pursuant to Code Civ.Proc. § 1032;

8.    For recompense of damages and arrears; and

9.    For any other relief as it may deem just and proper.

DATED:  March 16, 2022            CDLG, PC

BY:    _____
       Tony Cara, Esq.,
       Attorney for Plaintiff, Charlotte Jackson

14

JACKSON v. PHH MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

EXHIBIT 1
PAGE 18 OF 59

# EXHIBIT "A"

EXHIBIT 1
PAGE 19 OF 59

RECORDING REQUESTED BY
FIDELITY NATIONAL TITLE

RECORDING REQUESTED BY/
RETURN TO:
WMC MORTGAGE CORP.

3100 THORNTON AVENUE

BURBANK, CA 91504

Attn: (WHOLESALE)

```
2005-0088742

                          REC FEE    44.00
          Recorded
       Official Records
         County Of
           Tulare
     GREGORY B. HARDCASTLE
          Recorder

                          11
   08:00AM 16-Aug-2005    Page 1 of 11
```

Prepared By:
BRENDA CLARKE
WMC MORTGAGE CORP.

6320 CANOGA AVENUE 10TH FL
(MAILROOM)
WOODLAND HILLS, CA 91367

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST AND REQUEST FOR NOTICE OF DEFAULT

JACKSON
Loan #:    112-H80-036
MIN:    10012000112000010

Servicing #: 11200001

THIS DEED OF TRUST is made this  9th    day of    August,  2005
among the Trustor,  CHARLOTTE JACKSON, A MARRIED WOMAN, AS HER SOLE AND SEPARATE
PROPERTY

(herein "Borrower"), WESTWOOD ASSOCIATES, A CALIFORNIA CORPORATION
(herein "Trustee"), and the Beneficiary, MERS.
MERS is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a
nominee for Lender and Lender's successors and assigns.  MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
WMC MORTGAGE CORP.

is a corporation organized and existing under the laws of CALIFORNIA
whose address is     P.O. BOX 54089, LOS ANGELES, CA 90054-0089
(herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably
grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of
TULARE
, State of California:
LOT 103 OF BROOKSIDE ESTATES, UNIT NO. 2, IN THE CITY OF VISALIA, COUNTY OF
TULARE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 38, PAGE 46 OF MAPS,
TULARE COUNTY RECORDS.

which has the address of   4747 WEST ASHLAND AVENUE
                                    [Street]
VISALIA                                    [City]
California 93277                       (herein "Property Address");
         [Zip Code]

CALIFORNIA -- Second Mortgage -- 1/80 -- FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS
DOCU7CA1                            Page 1 of 9                              Form 3805
WMCD7CA1.VEX  11/05/2004

THIS DEED OF TRUST IS SECOND AND SUBORDINATE TO THAT CERTAIN FIRST DEED OF TRUST
IN THE AMOUNT OF $317,600.00, IN FAVOR OF WMC MORTGAGE CORP., RECORDING CONCURRENTLY
HEREWITH.

EXHIBIT 1
PAGE 20 OF 59

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, releasing and canceling this Security Instrument.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated **August 8, 2005**                    and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $     **79,400.00**    , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on   **September 1, 2020**        ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

EXHIBIT 1
PAGE 21 OF 59

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments, and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

EXHIBIT 1
PAGE 22 OF 59

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has a priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

EXHIBIT 1
PAGE 23 OF 59

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender, prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non existence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but no limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue

EXHIBIT 1
PAGE 24 OF 59

unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

21. **Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. The procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

22. **Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924b(b) of the Civil Code of California.

23. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by applicable law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

REFERENCE IS HEREBY MADE TO THE RIDER(S) ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES:

☐ Adjustable Rate Rider     ☐ Condominium Rider     ☐ Second Home Rider
☐ Balloon Rider     ☐ Planned Unit Development Rider     ☐ Biweekly Payment Rider
☐ 1-4 Family Rider     ☒ Other(s) [specify] Balloon Rider

CALIFORNIA – Second Mortgage – 1/80 – FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS     Form 3805
DOCU7CA6
WMCU7CA6.VZK   11/05/2004     Page 6 of 9

EXHIBIT 1
PAGE 25 OF 59

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

In accordance with Section 292b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded : __August 16, 2005__ , in Book _N/A_____ , Page _N/A_____ , records of _TULARE____ County, (or filed for record with recorder's serial number __05-98742_____

_TULARE_____ , County,) California, executed by CHARLOTTE JACKSON, A MARRIED WOMAN, AS HER SOLE AND SEPARATE PROPERTY

as trustor (or mortgagor) in which WMC MORTGAGE CORP.

is named

as beneficiary (or mortgagee) and WESTWOOD ASSOCIATES, A CALIFORNIA CORPORATION

as trustee be

mailed to WMC MORTGAGE CORP.

at P.O. BOX 54089
   LOS ANGELES, CA 90054-0089

NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

EXHIBIT 1
PAGE 26 OF 59

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____ Charlotte Jackson _____ 8.10.09

- Borrower - CHARLOTTE JACKSON - Date -

CALIFORNIA – Second Mortgage – 1/80 – FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS          Form 3805
DOCU7CA8
WMED7CA8.VMX  11/05/2004                                    Page 8 of 9

EXHIBIT 1
PAGE 27 OF 59

STATE OF *California*
COUNTY OF *Tulare*

On *August 10, 2005* before me, *Stephan O. Cole, Notary Public*
personally appeared
*Charlotte Jackson*

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose names(s)
*is* subscribed to the within instrument and acknowledged to me that *She* executed the same in *her*
authorized capacity(ies), and that by *her* signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature

My Commission Expires: *8/27/06*

STEPHAN O. COLE
COMM. #1372155
NOTARY PUBLIC - CALIFORNIA
TULARE COUNTY
My Comm. Expires Aug. 27, 2006

CALIFORNIA – Second Mortgage – 1/80 – FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS        Form 3805
DOCU7CA9
WMCD7CA9.VEX   11/03/2004        Page 9 of 9

EXHIBIT 1
PAGE 28 OF 59

[Space Above This Line For Recording Data]

# BALLOON RIDER

Serv #: ▮▮▮▮▮

JACKSON
Loan #: ▮▮▮▮▮▮▮
MIN: 10013630011398010

THIS BALLOON RIDER is made this 8th day of August, 2005, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note (the "Note") to WMC MORTGAGE CORP.

(the "Lender") of the same date and covering the property described in the Security Instrument and located at: 4747 WEST ASHLAND AVENUE VISALIA, CA 93277

[Property Address]

The interest rate stated on the Note is called the "Note Rate". The date of the Note is called the "Note Date". I understand the Lender may transfer the Note, Security Instrument and this Rider. The Lender or anyone who takes the Note, the Security Instrument and this Rider by transfer and who is entitled to receive payments under the Note is called the "Note Holder".

ADDITIONAL COVENANTS. In addition to the covenants and agreements in the Security Instrument, Borrower and Lender further covenant and agree as follows (despite anything to the contrary contained in the Security Instrument or the Note):

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

BALLOON RIDER-MULTISTATE (01/97)
DOCUREH
DOCUREH.VEX 01/23/2004

Page 1 of 2

EXHIBIT 1
PAGE 29 OF 59

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Balloon Rider.

- Borrower - CHARLOTTE JACKSON - Date -

BALLOON RIDER-MULTISTATE (01/97)
DOCUREG
DOCUREG.VTX   07/23/2004

Page 2 of 2

EXHIBIT 1
PAGE 30 OF 59

# EXHIBIT "B"

EXHIBIT 1
PAGE 31 OF 59

Requested By
Title Court Service

2011-0048790

Recording requested by:

Recorded
Official Records
County of
Tulare
ROLAND P. HILL
Clerk Recorder

REC FEE    25.00

When recorded mail to

Litton Loan Servicing LP
4828 Loop Central Drive
Houston, TX 77081

08:00AM 23-Aug-2011

LC
Page 1 of 2

APN: 119-590-036-000
TS #: CA-11-459825-JB
Order #: 110359908-CA-MAI
MERS Phone No. 1-888-679-6377
MERS MIN No.: 100133300112383002

Space above this line for recorder's use

## Assignment of Deed of Trust

For value received, the undersigned hereby grants, assigns, and transfers to

Deutsche Bank National Trust Company as trustee under the Pooling and Servicing Agreement dated as of November 1, 2005, GSAMP Trust 2005-WMC2

. All beneficial interest and all rights accrued or to accrue under that certain Deed of Trust dated 8/8/2005 executed by CHARLOTTE JACKSON , A MARRIED WOMAN, AS HER SOLE AND SEPARATE PROPERTY, as Trustor(s) to WESTWOOD ASSOCIATES, A CALIFORNIA CORPORATION, as Trustee and recorded as Instrument No. 2005-0088741, on 8/16/2005, of Official Records in the office of the County Recorder of TULARE County, CA, that secures the underlying promissory note.

EXHIBIT 1
PAGE 32 OF 59

TS #: CA-11-459825-JB
Page 2

Dated 8/11/11

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR WMC MORTGAGE CORP A CORPORATION. ITS SUCCESSORS AND ASSIGNS.**

By: Constance Baker
Assistant Secretary

State of: Texas
                                    ) ss
County of: Harris

On 8-11-11 before me, Bertha Villanueva Castillo a notary public, personally appeared Constance Baker , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of          Texas          that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.          (Seal)

Bertha Villanueva Castillo

Bertha Villanueva Castillo
Notary Public
STATE OF TEXAS
My Comm. Exp. Feb. 2, 2014

EXHIBIT 1
PAGE 33 OF 59

# EXHIBIT "C"

EXHIBIT 1
PAGE 34 OF 59

Requested By
Title Court Services 127685 

RECORDING REQUESTED BY
LAW OFFICES OF LES ZIEVE
18377 Beach Blvd., Ste. 210
Huntington Beach, CA  92648

WHEN RECORDED MAIL TO
NAME  BANKRUPTCY DEPARTMENT
LAW OFFICES OF LES ZIEVE
MAILING
ADDRESS  18377 Beach Blvd.,
Ste. 210
CITY, STATE  Huntington Beach, CA
ZIP CODE  92648

2012-0020978

Recorded
Official Records
County of
Tulare
GLADYS P. HILL
Clerk Recorder

REC FEE  21.00

08:00AM 05-Apr-2012  Page 1 of 2

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## T I T L E(S)

ASSIGNMENT OF DEED OF TRUST

EXHIBIT 1
PAGE 35 OF 59

Prepared by  Nadine Alvarez
When Recorded Mail To
Ocwen Loan Servicing,LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida, 33409
Phone Number  561-682-8835
67709252007615
Attorney Code 24044
MIN  100136300112888002
MERS Ph.#  (888) 679 – 6377

## ASSIGNMENT OF DEED OF TRUST
### CALIFORNIA

This **ASSIGNMENT OF DEED OF TRUST** from **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.(MERS)**, as nominee for WMC MORTGAGE CORP , whose address PO Box 2026 Flint, MI 48501-2026, its successors and assigns, ("Assignor) to **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2005-WMC2, POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2005**, whose address is c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409, (Assignee) its successors and assigns, all its rights, title and interest in and to a certain mortgage duly recorded in the Office of the County Recorder of TULARE County, State of **CALIFORNIA**, as follows;

Trustor  CHARLOTTE JACKSON
Trustee  WESTWOOD ASSOCIATES
Beneficiary  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR WMC MORTGAGE CORP
Document Date  AUGUST 08, 2005
Amount $317,600 00
Date Recorded  AUGUST 16, 2005
Document/Instrument/Entry Number  2005-0088741
Property Address  4747 WEST ASHLAND AVENUE, VISALIA, CA

*Property more particularly described in the above referenced recorded Deed of Trust*
This Assignment is made without recourse, representation or warranty
DATED MARCH 26, 2012
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
(MERS)

BY
NAME  Leticia N Arias
TITLE  Assistant Secretary

State of FLORIDA
County of PALM BEACH
On MARCH 26, 2012 , before me, _____ **Cory Messer** _____, personally Leticia N Arias  personally known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument
I certify under PENALTY OF PERJURY under the laws of the State of Florida that the foregoing paragraph is true and correct

WITNESS my hand and official seal.

Signature of Notary –          **Cory Messer**

Notary Public State of Florida
Cory Messer
My Commission EE097256
Expires 06/26/2016

EXHIBIT 1
PAGE 36 OF 59

# EXHIBIT "D"

EXHIBIT 1
PAGE 37 OF 59

**CLOSED**

## U.S. Bankruptcy Court
## Eastern District of California (Fresno)
## Bankruptcy Petition #: 19-13984

*Date filed:* 09/19/2019
*Date terminated:* 10/19/2021
*Debtor dismissed:* 06/16/2021
*Joint debtor dismissed:* 06/16/2021
*Plan confirmed:* 09/21/2020
*341 meeting:* 10/29/2019

*Assigned to:* Hon. Jennifer E. Niemann
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for failure to make plan payments
*Joint debtor disposition:* Dismissed for failure to make plan payments

*Debtor*
Curtis James Allen
4747 W. Ashland Ave
Visalia, CA 93277
TULARE-CA
SSN / ITIN: xxx-xx-0901

represented by **Eric P. Escamilla**
516 W. Shaw Avenue, Suite 200
Fresno, CA 93704
559-485-2535

*Joint Debtor*
Charlotte Yvette Jackson
4747 W. Ashland Ave
Visalia, CA 93277
TULARE-CA
SSN / ITIN: xxx-xx-9670

represented by **Eric P. Escamilla**
(See above for address)

*Trustee*
Michael H. Meyer
PO Box 28950
Fresno, CA 93729-8950
(559) 275-9512

*U.S. Trustee*
Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno, CA 93721

| Filing Date | # | Docket Text |
|---|---|---|
| 09/19/2019 | 1 (13 pgs) | Chapter 13 Voluntary Petition Individual filed. (Fee Paid $0.00) (Escamilla, Eric) (eFilingID: 6584422) (Entered: 09/19/2019) |
| 09/19/2019 | 2 (1 pg) | Designation of Trustee (auto) (Entered: 09/19/2019) |
| 09/19/2019 | 3 (1 pg) | Order Re: Chapter 13 Plan Payments, Adequate Protection Payments, and Employer Payment Advices (auto) (Entered: 09/19/2019) |
| 09/19/2019 | 4 (4 pgs) | Master Address List (auto) (Entered: 09/19/2019) |
| 09/19/2019 | 5 | Statement of Social Security Number(s) (auto) (Entered: 09/19/2019) |
| 09/19/2019 | 6 (3 pgs) | Notice of Incomplete Filing and Notice of Intent to Dismiss Case If Documents Are Not Timely Filed. Missing Document(s): Statement of Financial Affairs; Attorney Disclosure Statement; Summary of Assets and Liabilities; Chapter 13 Plan;Schedule A/B - Real and Personal Property; Schedule C - Exempt |

EXHIBIT 1
PAGE 38 OF 59

| | | |
|---|---|---|
| | | Property; Schedule D - Secured Creditors;Schedule E/F - Unsecured Claims; Schedule G - Exec. Contracts & Unexpired Leases; Schedule H - Codebtors; Schedule I - Current Income of Individual; Schedule J - Current Expenditures; Form 122C-1 - Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period; Document(s) due by 10/3/2019. (vcsf) (Entered: 09/19/2019) |
| 09/20/2019 | | Chapter 13 Voluntary Petition (Filing Fee Paid: $310.00, Receipt Number: 355482, eFilingID: 6584422) (auto) (Entered: 09/20/2019) |
| 09/23/2019 | 7<br>(3 pgs) | Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as transmitted to BNC for service. (svim) (Entered: 09/23/2019) |
| 09/25/2019 | 8<br>(5 pgs) | Certificate of Mailing of Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/25/2019) |
| 10/03/2019 | 9<br>(58 pgs) | Schedule A - J and Summary of Schedules/Assets and Liabilities Statement of Financial Affairs Disclosure of Attorney Compensation Individual (bsof) (Entered: 10/04/2019) |
| 10/03/2019 | 9<br>(58 pgs) | Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period for 5 Years Form 122C-1. Disposable Income Is Determined Re: 6 Notice of Incomplete Filing (bsof) (Entered: 10/04/2019) |
| 10/03/2019 | 9<br>(58 pgs) | Chapter 13 Calculation of Your Disposable Income Form 122C-2 (bsof) (Entered: 10/04/2019) |
| 10/03/2019 | 10<br>(6 pgs) | Chapter 13 Plan (bsof) (Entered: 10/04/2019) |
| 10/03/2019 | 11<br>(3 pgs) | Rights and Responsibilities of Chapter 13 Debtor(s) and their Attorney (bsof) (Entered: 10/04/2019) |
| 10/04/2019 | 12<br>(6 pgs) | Chapter 13 Plan as transmitted to BNC for service. (Ware, Lindsey) (Entered: 10/04/2019) |
| 10/04/2019 | 13<br>(2 pgs) | Notice of Commencement of Case Under Chapter 13, Meeting of Creditors and Deadlines as transmitted to BNC for service. Meeting of Creditors to be held on 10/29/2019 at 01:00 PM at Fresno Meeting Room 1450. Proofs of Claim due by 12/2/2019. (Ware, Lindsey) (Entered: 10/04/2019) |
| 10/06/2019 | 14<br>(4 pgs) | Certificate of Mailing of Notice of Meeting of Creditors as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 10/06/2019) |
| 10/06/2019 | 15<br>(8 pgs) | Certificate of Mailing of Chapter 13 Plan as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 10/06/2019) |
| 10/08/2019 | 16<br>(6 pgs) | Amended/Modified Plan Re: 10 Plan Filed by Debtor Curtis James Allen, Joint Debtor Charlotte Yvette Jackson (fdis) (Entered: 10/08/2019) |
| 10/08/2019 | 17<br>(3 pgs) | Amended Rights and Responsibilities of Chapter 13 Debtor(s) and their Attorney (fdis) (Entered: 10/08/2019) |
| 10/08/2019 | 18<br>(1 pg) | Amended Disclosure of Attorney Compensation (fdis) (Entered: 10/08/2019) |
| 10/31/2019 | | Report of Trustee at 341 Meeting. The 341 Meeting was held on 10/29/19. Debtor Appeared; Joint Debtor Appeared; Counsel of Record Appeared; 341 Meeting Concluded as to Debtor and Joint Debtor. (Ware, Lindsey) (Entered: 10/31/2019) |
| 11/20/2019 | 19<br>(1 pg) | Motion/Application to Dismiss Case [MHM-1] Filed by Trustee Michael H. Meyer (bsof) (Entered: 11/21/2019) |
| 11/20/2019 | 20<br>(2 pgs) | Notice of Hearing Re: 19 Motion/Application to Dismiss Case [MHM-1] to be held on 12/18/2019 at 03:00 PM at Fresno Courtroom 11, Department A. (bsof) (Entered: 11/21/2019) |
| 11/20/2019 | 21<br>(2 pgs) | Declaration of Deanna K. Hazelton in support of 19 Motion/Application to Dismiss Case [MHM-1] (bsof) (Entered: 11/21/2019) |
| 11/20/2019 | 22 | Certificate/Proof of Service of 19 Motion/Application to Dismiss Case [MHM-1], 20 Notice of Hearing, 21 |

EXHIBIT 1<br>PAGE 39 OF 59

| | (2 pgs) | Declaration (beof) (Entered: 11/21/2019) |
|---|---|---|
| 11/26/2019 | 23 (4 pgs) | Amended Verification and Master Address List (Fee Paid $0.00) (eFilingID: 6632069) (mpem) (Entered: 11/26/2019) |
| 11/26/2019 | 24 (32 pgs) | Amended/Modified Re: 1 Voluntary Petition (mpem) (Entered: 11/26/2019) |
| 11/26/2019 | 24 (32 pgs) | Amended Summary of Schedules/Assets and Liabilities Schedule A/B Schedule E/F Individual (mpem) (Entered: 11/26/2019) |
| 11/27/2019 | | Amendment Fee Paid ($31.00, Receipt Number: 357362, eFilingID: 6632069) (auto) (Entered: 11/27/2019) |
| 12/11/2019 | 25 (1 pg) | Notice of Withdrawal Re: 19 Motion/Application to Dismiss Case [MHM-1] (mpem) (Entered: 12/11/2019) |
| 12/11/2019 | 26 (2 pgs) | Certificate/Proof of Service of 25 Notice of Withdrawal [MHM-1] (mpem) (Entered: 12/11/2019) |
| 12/11/2019 | 27 (2 pgs) | Request for Special Notice Filed by Creditor Deutsche Bank National Trust Company (wmim) (Entered: 12/12/2019) |
| 12/14/2019 | 28 (2 pgs) | Notice of Intent to Close Chapter 13 Case Without Entry of Discharge Due to Failure to File Financial Management Course Certificate as Transmitted to BNC for Service. (Admin) (Entered: 12/14/2019) |
| 12/18/2019 | 29 (3 pgs) | Certificate of Mailing of Notice of Intent to Close Chapter 13 Case Without Entry of Discharge Due to Failure to File Financial Management Course Certificate as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 12/18/2019) |
| 12/18/2019 | 30 (1 pg) | Civil Minutes — Hearing Dropped from calendar, Resolved without Oral Argument Re: 19 - Motion/Application to Dismiss Case [MHM-1] (admin) (Entered: 12/26/2019) |
| 12/31/2019 | 31 (1 pg) | Personal Financial Management Course Certificate For Debtor (Bhatt, Jai) (Entered: 12/31/2019) |
| 12/31/2019 | 32 (1 pg) | Personal Financial Management Course Certificate For Joint Debtor (Bhatt, Jai) (Entered: 12/31/2019) |
| 01/09/2020 | 33 (2 pgs) | Motion/Application to Confirm Chapter 13 Plan [EPB-1] Filed by Debtor Curtis James Allen, Joint Debtor Charlotte Yvette Jackson (mpem) (Entered: 01/10/2020) |
| 01/09/2020 | 34 (2 pgs) | Notice of Hearing Re: 33 Motion/Application to Confirm Chapter 13 Plan [EPB-1] to be held on 2/20/2020 at 10:00 AM at Fresno Courtroom 11, Department A. (mpem) (Entered: 01/10/2020) |
| 01/09/2020 | 35 (2 pgs) | Declaration of Curtis Allen in support of 33 Motion/Application to Confirm Chapter 13 Plan [EPB-1] (mpem) (Entered: 01/10/2020) |
| 01/09/2020 | 36 (2 pgs) | Memorandum of Points and Authorities in support of 33 Motion/Application to Confirm Chapter 13 Plan [EPB-1] (mpem) (Entered: 01/10/2020) |
| 01/09/2020 | 37 (2 pgs) | Declaration of Eric P. Escamilla in support of 33 Motion/Application to Confirm Chapter 13 Plan [EPB-1] (mpem) (Entered: 01/10/2020) |
| 01/09/2020 | 38 (6 pgs) | Certificate/Proof of Service of 16 Amended/Modified Plan, 33 Motion/Application to Confirm Chapter 13 Plan [EPB-1], 34 Notice of Hearing, 35 Declaration, 36 Memorandum of Points and Authorities, 37 Declaration (mpem) (Entered: 01/10/2020) |
| 01/09/2020 | 39 (8 pgs) | Amended Summary of Schedules/Assets and Liabilities Schedule I Schedule J Individual (mpem) (Entered: 01/10/2020) |
| 01/09/2020 | 40 (2 pgs) | Certificate/Proof of Service of 39 Summary/Schedule(s)/Statement of Financial Affairs/Disclosure (mpem) (Entered: 01/10/2020) |
| 01/23/2020 | 41 (2 pgs) | Opposition to 33 Motion/Application to Confirm Chapter 13 Plan [EPB-1] Filed by Trustee Michael H. Meyer (Roberts, Elizabeth) (Entered: 01/23/2020) |

EXHIBIT 1

PAGE 40 OF 59

CM/ECF LIVE - U.S. Bankruptcy Court:caeb

| Date | Doc # | Description |
|---|---|---|
| 01/23/2020 | 42<br>(2 pgs) | Certificate of Service of 41 Opposition [EPE-1] Filed by Trustee Michael H. Meyer (Roberts, Elizabeth) (Entered: 01/23/2020) |
| 01/28/2020 | 43<br>(2 pgs) | Motion/Application to Value Collateral of Carmax Business Services, LLC [EPE-2] Filed by Debtor Curtis James Allen, Joint Debtor Charlotte Yvette Jackson (mpem) (Entered: 01/29/2020) |
| 01/28/2020 | 44<br>(2 pgs) | Notice of Hearing Re: 43 Motion/Application to Value Collateral of Carmax Business Services, LLC [EPE-2] to be held on 2/26/2020 at 10:00 AM at Fresno Courtroom 11, Department A. (mpem) (Entered: 01/29/2020) |
| 01/28/2020 | 45<br>(2 pgs) | Declaration of Charlotte Jackson in support of 43 Motion/Application to Value Collateral of Carmax Business Services, LLC [EPE-2] (mpem) (Entered: 01/29/2020) |
| 01/28/2020 | 47<br>(5 pgs) | Certificate/Proof of Service of 43 Motion/Application to Value Collateral of Carmax Business Services, LLC [EPE-2], 44 Notice of Hearing, 45 Declaration, 46 Exhibit(s) (mpem) (Entered: 01/29/2020) |
| 01/29/2020 | 46<br>(17 pgs) | Exhibit(s) in support of 43 Motion/Application to Value Collateral of Carmax Business Services, LLC [EPE-2] (mpem) (Entered: 01/29/2020) |
| 01/30/2020 | 48<br>(8 pgs) | Amended Statement of Financial Affairs Individual (mpem) (Entered: 01/31/2020) |
| 01/30/2020 | 49<br>(2 pgs) | Certificate/Proof of Service of 48 Summary/Schedule(s)/Statement of Financial Affairs/Disclosure (mpem) (Entered: 01/31/2020) |
| 02/04/2020 | 50<br>(2 pgs) | Declaration of Eric F. Bacamilla Re: 41 Opposition [EPE-1] (mpem) (Entered: 02/05/2020) |
| 02/04/2020 | 51<br>(2 pgs) | Certificate/Proof of Service of 50 Declaration [EPE-1] (mpem) (Entered: 02/05/2020) |
| 02/10/2020 | 52<br>(2 pgs) | Opposition/Objection Filed by Trustee Michael H. Meyer Re: 43 Motion/Application to Value Collateral of Carmax Business Services, LLC [EPE-2] (mpem) (Entered: 02/11/2020) |
| 02/10/2020 | 53<br>(2 pgs) | Certificate/Proof of Service of 52 Opposition/Objection [EPE-2] (mpem) (Entered: 02/11/2020) |
| 02/11/2020 | 54<br>(2 pgs) | Amended Motion/Application to Value Collateral of Carmax Business Services, LLC [EPE-2]. 43 Motion/Application to Value Collateral Filed by Debtor Curtis James Allen, Joint Debtor Charlotte Yvette Jackson (mpem) (Entered: 02/12/2020) |
| 02/11/2020 | | Hearing Re: 54 Amended Motion/Application to Value Collateral of Carmax Business Services, LLC [EPE-2]. to be held on 2/26/2020 at 10:00 AM at Fresno Courtroom 11, Department A. (mpem) (Entered: 02/12/2020) |
| 02/11/2020 | 55<br>(5 pgs) | Certificate/Proof of Service of 54 Amended Motion/Application to Value Collateral of Carmax Business Services, LLC [EPE-2]. (mpem) (Entered: 02/12/2020) |
| 02/20/2020 | 56<br>(1 pg) | Civil Minutes -- Hearing continued Re: 33 Motion/Application to Confirm Chapter 13 Plan [EPE-1]; Hearing to be held on 3/11/2020 at 03:00 PM at Fresno Courtroom 11, Department A. (lrf) (Entered: 02/26/2020) |
| 02/26/2020 | 58<br>(2 pgs) | Civil Minutes -- Motion Granted, Resolved without Oral Argument Re: 54 - Amended Motion/Application to Value Collateral of Carmax Business Services, LLC [EPE-2]. (admin) (Entered: 02/27/2020) |
| 02/27/2020 | 57<br>(1 pg) | PDF with attached Audio File. These recordings are NOT the official record of any proceeding, and are provided as a convenience to the public. Instructions for ordering the official record may be found on the Court's website. Court Date & Time [ 2/20/2020 10:22:41 AM ]. File Size [ 1265 KB ]. Run Time [ 00:05:16 ]. (admin). (Entered: 02/27/2020) |
| 02/28/2020 | 59<br>(2 pgs) | Order to Continue Hearing [EPE-1] Re: 33 Motion/Application to Confirm Chapter 13 Plan [EPE-1] ; This order is Transmitted to BNC for Service. Hearing to be held on 3/11/2020 at 03:00 PM at Fresno Courtroom 11, Department A. (taef) (Entered: 03/02/2020) |

EXHIBIT 1<br>PAGE 41 OF 59

CM/ECF LIVE - U.S. Bankruptcy Court:caeb

| 02/28/2020 | 60<br>(1 pg) | Order Granting 54 Motion/Application To Value Collateral of Carmax Business Services, LLC [EPE-2] ; Service by the Deputy Clerk is not required. (isef) (Entered: 03/02/2020) |
| 03/04/2020 | 61<br>(3 pgs) | Certificate of Mailing of Order as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/04/2020) |
| 03/11/2020 | 62<br>(1 pg) | Civil Minutes -- Motion Granted, Resolved without Oral Argument Re: 33 - Motion/Application to Confirm Chapter 13 Plan [EPE-1] (admin) (Entered: 03/16/2020) |
| 03/26/2020 | 63<br>(2 pgs) | Order Confirming Chapter 13 Plan [EPE-1]. (isaf) (Entered: 03/26/2020) |
| 03/26/2020 | 63<br>(2 pgs) | Order Granting 33 Motion/Application to Confirm Chapter 13 Plan [EPE-1] ; Service by the Deputy Clerk is not required. (isaf) (Entered: 03/26/2020) |
| 04/20/2020 | 64<br>(10 pgs) | Notice of Filed Claims Filed by Chapter 13 Trustee. (Vang, Youa) (Entered: 04/20/2020) |
| 04/20/2020 | 65<br>(2 pgs) | Certificate of Service of Notice of Filed Claims. (Vang, Youa) (Entered: 04/20/2020) |
| 06/30/2020 | | Due to the transfer of Judge Fredrick E. Clement to the Sacramento Division, this case has been reassigned to Judge Jennifer E. Niemann (admin) (Entered: 06/30/2020) |
| 07/02/2020 | 66<br>(3 pgs) | Notice of Default and Motion/Application to Dismiss Case for Failure to Make Plan Payments as transmitted to BNC for service.. (Vinson, Cindy) (Entered: 07/02/2020) |
| 07/04/2020 | 67<br>(4 pgs) | Certificate of Mailing of Notice of Default and Motion/Application to Dismiss Case for Failure to Make Plan Payments as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 07/04/2020) |
| 07/31/2020 | 68<br>(2 pgs) | Motion/Application to Modify Chapter 13 Plan [EPE-3] Filed by Debtor Curtis James Allen, Joint Debtor Charlotte Yvette Jackson (mpem) (Entered: 08/03/2020) |
| 07/31/2020 | 69<br>(2 pgs) | Notice of Hearing Re: 68 Motion/Application to Modify Chapter 13 Plan [EPE-3] to be held on 9/17/2020 at 09:30 AM at Fresno Courtroom 11, Department A. (mpem) (Entered: 08/03/2020) |
| 07/31/2020 | 70<br>(3 pgs) | Memorandum of Points and Authorities in support of 68 Motion/Application to Modify Chapter 13 Plan [EPE-3] (mpem) (Entered: 08/03/2020) |
| 07/31/2020 | 71<br>(2 pgs) | Declaration of Curtis Allen in support of 68 Motion/Application to Modify Chapter 13 Plan [EPE-3] (mpem) (Entered: 08/03/2020) |
| 07/31/2020 | 72<br>(2 pgs) | Declaration of Eric P. Escamilla in support of 68 Motion/Application to Modify Chapter 13 Plan [EPE-3] (mpem) (Entered: 08/03/2020) |
| 07/31/2020 | 73<br>(7 pgs) | Amended/Modified Plan Re: 68 Motion/Application to Modify Chapter 13 Plan [EPE-3] Filed by Debtor Curtis James Allen, Joint Debtor Charlotte Yvette Jackson (mpem) (Entered: 08/03/2020) |
| 07/31/2020 | 74<br>(6 pgs) | Certificate/Proof of Service of 68 Motion/Application to Modify Chapter 13 Plan [EPE-3], 69 Notice of Hearing, 70 Memorandum of Points and Authorities, 71 Declaration, 72 Declaration, 73 Amended/Modified Plan (mpem) (Entered: 08/03/2020) |
| 08/11/2020 | 75<br>(6 pgs) | Amended Schedule I Schedule J Individual (mpem) (Entered: 08/12/2020) |
| 08/11/2020 | 76<br>(2 pgs) | Certificate/Proof of Service of 75 Summary/Schedule(s)/Statement of Financial Affairs/Disclosure (mpem) (Entered: 08/12/2020) |
| 08/21/2020 | 77<br>(2 pgs) | Opposition to 68 Motion/Application to Modify Chapter 13 Plan [EPE-3] Filed by Trustee Michael H. Meyer (Roberts, Elizabeth) (Entered: 08/21/2020) |
| 08/21/2020 | 78<br>(2 pgs) | Certificate of Service of 77 Opposition [EPE-3] Filed by Trustee Michael H. Meyer (Roberts, Elizabeth) (Entered: 08/21/2020) |

EXHIBIT 1
PAGE 42 OF 59

CM/ECF LIVE - U.S. Bankruptcy Court:caeb

| Date | Doc # | Description |
|---|---|---|
| 09/02/2020 | 79 (1 pg) | Notice of Withdrawal [EPE-3] Re: 77 Opposition (mpem) (Entered: 09/02/2020) |
| 09/02/2020 | 80 (2 pgs) | Certificate/Proof of Service of 79 Notice of Withdrawal [EPE-3] (mpem) (Entered: 09/02/2020) |
| 09/17/2020 | 81 (2 pgs) | Civil Minutes -- Motion Granted, Resolved without Oral Argument Re: 68 - Motion/Application to Modify Chapter 13 Plan [EPE-3] (admin) (Entered: 09/17/2020) |
| 09/21/2020 | 82 (2 pgs) | Order Granting 68 Motion/Application to Modify Chapter 13 Plan [EPE-3] ; Service by the Deputy Clerk is not required. (rlos) (Entered: 09/21/2020) |
| 09/21/2020 | 82 (2 pgs) | Order Modifying/Amending Chapter 13 Plan [EPE-3] (rlos) (Entered: 09/21/2020) |
| 10/16/2020 | doc (6 pgs) | Notice of Mortgage Payment Change with Certificate of Service Filed by Creditor Deutsche Bank National Trust Company (rlos) (Entered: 10/16/2020) |
| 11/05/2020 | 83 (3 pgs) | Notice of Default and Motion/Application to Dismiss Case for Failure to Make Plan Payments as transmitted to BNC for service.. (Meyer, Michael) (Entered: 11/05/2020) |
| 11/08/2020 | 84 (4 pgs) | Certificate of Mailing of Notice of Default and Motion/Application to Dismiss Case for Failure to Make Plan Payments as provided by the Bankruptcy Noticing Center (Admin) (Entered: 11/08/2020) |
| 02/04/2021 | 85 (3 pgs) | Notice of Default and Motion/Application to Dismiss Case for Failure to Make Plan Payments as transmitted to BNC for service.. (Meyer, Michael) (Entered: 02/04/2021) |
| 02/06/2021 | 86 (4 pgs) | Certificate of Mailing of Notice of Default and Motion/Application to Dismiss Case for Failure to Make Plan Payments as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 02/06/2021) |
| 05/05/2021 | 87 (3 pgs) | Notice of Default and Motion/Application to Dismiss Case for Failure to Make Plan Payments as transmitted to BNC for service.. (Wara, Lindsey) (Entered: 05/05/2021) |
| 05/07/2021 | 88 (4 pgs) | Certificate of Mailing of Notice of Default and Motion/Application to Dismiss Case for Failure to Make Plan Payments as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 05/07/2021) |
| 06/15/2021 | 89 (2 pgs) | Declaration of Kim Ashworth in support of Proposed Order Re: 87 Notice of Default and Motion/Application to Dismiss Case for Failure to Make Plan Payments as transmitted to BNC for service. (hlum) Modified on 6/16/2021 (hlum). (Entered: 06/15/2021) |
| 06/15/2021 | 90 (3 pgs) | Certificate/Proof of Service of Proposed Order, 89 Declaration (hlum) (Entered: 06/15/2021) |
| 06/16/2021 | 91 (1 pg) | Order Granting 87 Motion/Application to Dismiss Case/Proceeding for Failure to Make Plan Payments (hlum) (Entered: 06/16/2021) |
| 06/16/2021 | 92 (1 pg) | Notice of Entry of Order as Transmitted to BNC for Service Re: 91 Order Granting 87 Motion/Application to Dismiss Case/Proceeding for Failure to Make Plan Payments (hlum) (hlum) (Entered: 06/16/2021) |
| 06/18/2021 | 93 (5 pgs) | Certificate of Mailing of Notice of 92 Notice of Entry of Order of Dismissal as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 06/18/2021) |
| 09/08/2021 | 94 (4 pgs) | Trustee's Final Report and Account as transmitted to BNC for service. (Delgado, Karina) (Entered: 09/08/2021) |
| 09/08/2021 | 95 (1 pg) | Notice of Filing Chapter 13 Trustee's Final Report and Account and of Order Fixing Deadline for Objecting Thereto as Transmitted to BNC for Service. (Auto) (Entered: 09/08/2021) |
| 09/10/2021 | 96 (4 pgs) | Certificate of Mailing of Notice of Filing Chapter 13 Trustee's Final Report and Account and of Order Fixing Deadline for Objecting Thereto as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/10/2021) |
| 09/10/2021 | 97 (7 pgs) | Certificate of Mailing of Trustee's Final Report and Account as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/10/2021) |

EXHIBIT 1
PAGE 43 OF 59

CM/ECF LIVE - U.S. Bankruptcy Court:caeb

| 10/06/2021 | 98<br>(7 pgs) | Memorandum Re Documents/Filing Fees (hlum) (Entered: 10/06/2021) |
| 10/14/2021 | 99 | The time for filing an Objection to the Trustees Final Report and Account in this case having expired, Michael H. Meyer certifies that no objections to this Trustees report have been filed. (Delgado, Karina) (Entered: 10/14/2021) |
| 10/14/2021 | 100<br>(1 pg) | Order Approving Final Report and Discharging Trustee. (Auto) (Entered: 10/14/2021) |
| 10/19/2021 | 101<br>(1 pg) | Order Closing Case where Case has been Dismissed (hlum) (Entered: 10/19/2021) |

| PACER Service Center | | |
| --- | --- | --- |
| Transaction Receipt | | |
| 03/11/2022 06:21:19 | | |
| PACER Login: | Lubbooks490 | Client Code: |
| Description: | Docket Report | Search Criteria: | 19-13984 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 6 | Cost: | 0.60 |

EXHIBIT 1
PAGE 44 OF 59

CM/ECF LIVE - U.S. Bankruptcy Court:caeb

## Select a Case

**There were 7 matching persons.**

**There were 7 matching cases.**

| Name | Case No. | Case Title | Chapter / Lead BK case | | Date Filed | Party Role | Date Closed |
|---|---|---|---|---|---|---|---|
| Allen, Chartotte Yvette (pty) (1 case) | 22-10060 | Curtis James Allen and Chartotte Yvette Allen | 13 | — | 01/17/22 | Joint Debtor | N / A |
| Allen, Chartotte Yvette (pty) (1 case) | 21-12079 | Curtis James Allen and Chartotte Yvette Allen | 13 | — | 08/27/21 | Joint Debtor | N / A |
| Jackson, Charlotte Yvette (pty) (1 case) | 11-63674 | Curtis James Allen and Charlotte Yvette Jackson | 13 | — | 12/23/11 | Joint Debtor | 04/16/13 |
| Jackson, Charlotte Yvette (pty) (1 case) | 17-11047 | Curtis James Allen and Charlotte Yvette Jackson | 13 | | 03/24/17 | Joint Debtor | 10/10/19 |
| Jackson, Charlotte Yvette (pty) (1 case) | 15-10123 | Curtis James Allen and Charlotte Yvette Jackson | 13 | | 01/16/15 | Joint Debtor | 10/11/16 |
| Jackson, Charlotte Yvette (pty) (1 case) | 19-13984 | Curtis James Allen and Charlotte Yvette Jackson | 13 | — | 09/19/19 | Joint Debtor | 10/19/21 |
| Jackson, Charlotte Yvette (pty) (1 case) | 16-13491 | Curtis James Allen and Charlotte Yvette Jackson | 13 | | 09/26/16 | Joint Debtor | 05/10/17 |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/11/2022 08:16:10 | | |
| **PACER Login:** | Lubbocks490 | **Client Code:** |
| **Description:** | Search | **Search Criteria:** | SSN/ITIN: 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 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

EXHIBIT 1
PAGE 45 OF 59

# EXHIBIT "E"

EXHIBIT 1
PAGE 46 OF 59

DISMISSED, DebtEd, DebtEdJDB

## U.S. Bankruptcy Court
## Eastern District of California (Fresno)
## Bankruptcy Petition #: 21-12079

*Date filed:* 08/27/2021
*Debtor dismissed:* 12/20/2021
*Joint debtor dismissed:* 12/20/2021
*341 meeting:* 10/19/2021
*Deadline for filing claims:* 11/05/2021
*Deadline for filing claims (govt.):* 02/23/2022

*Assigned to:* Hon. Rene Lastreto II
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for failure to make plan payments
*Joint debtor disposition:* Dismissed for failure to make plan payments

**Debtor**
**Curtis James Allen**
4747 W. Ashland Ave.
Visalia, CA 93277
TULARE-CA
SSN / ITIN: xxx-xx-0901

represented by **Timothy C. Springer**
4905 N West #102
Fresno, CA 93705
559-225-3622

**Joint Debtor**
**Charlotte Yvette Allen**
4747 W. Ashland Ave.
Visalia, CA 93277
TULARE-CA
SSN / ITIN: xxx-xx-9670

represented by **Timothy C. Springer**
(See above for address)

**Trustee**
**Michael H. Meyer**
PO Box 28950
Fresno, CA 93729-8950
(559) 275-9512

**U.S. Trustee**
**Office of the U.S. Trustee**
United States Courthouse
2500 Tulare Street, Room 1401
Fresno, CA 93721

| Filing Date | # | Docket Text |
|---|---|---|
| 08/27/2021 | 1 (12 pgs) | Chapter 13 Voluntary Petition Individual filed. (Fee Paid $0.00) (Springer, Timothy) (eFilingID: 7009764) (Entered: 08/27/2021) |
| 08/27/2021 | 2 | Statement of Social Security Number(s) (auto) (Entered: 08/27/2021) |
| 08/27/2021 | 3 (1 pg) | Designation of Trustee (auto) (Entered: 08/27/2021) |
| 08/27/2021 | 4 (1 pg) | Order Re: Chapter 13 Plan Payments, Adequate Protection Payments, and Employer Payment Advices (auto) (Entered: 08/27/2021) |
| 08/27/2021 | 5 (5 pgs) | Master Address List (auto) (Entered: 08/27/2021) |
| 08/27/2021 | | Chapter 13 Voluntary Petition (Filing Fee Paid: $313.00, Receipt Number: 371444, eFilingID: 7009764) (auto) (Entered: 08/27/2021) |

**EXHIBIT 1**
**PAGE 47 OF 59**

| | | |
|---|---|---|
| 08/27/2021 | 6 (3 pgs) | Notice of Incomplete Filing and Notice of Intent to Dismiss Case If Documents Are Not Timely Filed. Missing Document(s): Statement of Financial Affairs; Attorney Disclosure Statement; Summary of Assets and Liabilities; Chapter 13 Plan;Schedule A/B - Real and Personal Property; Schedule C - Exempt Property; Schedule D - Secured Creditors;Schedule E/F - Unsecured Claims; Schedule G - Exec. Contracts & Unexpired Leases; Schedule H - Codebtors; Schedule I - Current Income of Individual; Schedule J - Current Expenditures; Form 122C-1 - Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period; Document(s) due by 9/10/2021. (jbrm) (Entered: 08/27/2021) |
| 08/31/2021 | 7 (3 pgs) | Notice of Incomplete Filing and Notice of Intent to Dismiss Case If Documents Are Not Timely Filed as transmitted to BNC for service. (jbrm) (Entered: 08/31/2021) |
| 09/02/2021 | 8 (5 pgs) | Certificate of Mailing of Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/02/2021) |
| 09/07/2021 | 9 (3 pgs) | Motion/Application to Extend Automatic Stay [TCS-1] Filed by Joint Debtor Charlotte Yvette Allen, Debtor Curtis James Allen (jbrm) (Entered: 09/08/2021) |
| 09/07/2021 | 10 (2 pgs) | Notice of Hearing Re: 9 Motion/Application to Extend Automatic Stay [TCS-1] to be held on 9/22/2021 at 09:30 AM at Fresno Courtroom 13, Department B. (jbrm) (Entered: 09/08/2021) |
| 09/07/2021 | 11 (3 pgs) | Declaration of Charlotte Allen in support of 9 Motion/Application to Extend Automatic Stay [TCS-1] (jbrm) (Entered: 09/08/2021) |
| 09/07/2021 | 12 (4 pgs) | Certificate/Proof of Service of 9 Motion/Application to Extend Automatic Stay [TCS-1], 10 Notice of Hearing, 11 Declaration (jbrm) (Entered: 09/08/2021) |
| 09/08/2021 | 13 (51 pgs) | Schedules A - J and Summary of Schedules/Assets and Liabilities Statement of Financial Affairs Disclosure of Attorney Compensation Individual (jbrm) (Entered: 09/09/2021) |
| 09/08/2021 | 13 (51 pgs) | Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period for 5 Years Form 122C-1. Disposable Income Is Determined Re: 6 Notice of Incomplete Filing (jbrm) (Entered: 09/09/2021) |
| 09/08/2021 | 13 (51 pgs) | Chapter 13 Calculation of Your Disposable Income Form 122C-2 (jbrm) (Entered: 09/09/2021) |
| 09/08/2021 | 14 (7 pgs) | Chapter 13 Plan (jbrm) (Entered: 09/09/2021) |
| 09/08/2021 | 15 (3 pgs) | Rights and Responsibilities of Chapter 13 Debtor(s) and their Attorney (jbrm) (Entered: 09/09/2021) |
| 09/10/2021 | 16 (7 pgs) | Chapter 13 Plan as transmitted to BNC for service. (Ware, Lindsey) (Entered: 09/10/2021) |
| 09/10/2021 | 17 (2 pgs) | Notice of Commencement of Case Under Chapter 13, Meeting of Creditors and Deadlines as transmitted to BNC for service. Meeting of Creditors to be held on 10/5/2021 at 11:00 AM, see Notice for Location of Meeting. Proofs of Claim due by 11/5/2021. (Ware, Lindsey) (Entered: 09/10/2021) |
| 09/12/2021 | 18 (4 pgs) | Certificate of Mailing of Notice of Meeting of Creditors as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/12/2021) |
| 09/12/2021 | 19 (9 pgs) | Certificate of Mailing of Chapter 13 Plan as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/12/2021) . |
| 09/14/2021 | 20 (2 pgs) | Request for Special Notice Filed by Creditor Deutsche Bank National Trust Company (jbrm) (Entered: 09/14/2021) |
| 09/22/2021 | 21 (3 pgs) | Civil Minutes — Motion Granted Re: 9 - Motion/Application to Extend Automatic Stay [TCS-1] (auto) (Entered: 09/22/2021) |
| 09/24/2021 | 22 (1 pg) | PDF with attached Audio File. Copies of recordings on the Docket are NOT the official record of any proceeding, may not be cited as the record, and are provided as a convenience to the public. Instructions for ordering the official record may be found on the Court's website. Court Date & Time [ 9/22/2021 9:50:05 AM ]. File Size [ 397 KB ]. Run Time [ 00:01:06 ]. (auto). (Entered: 09/24/2021) |

EXHIBIT 1
PAGE 48 OF 59

CM/ECF LIVE - U.S. Bankruptcy Court:caeb

| | | |
|---|---|---|
| 09/24/2021 | 23 (1 pg) | Order Granting 9 Motion to Extend Automatic Stay [TCS-1] (jbrm) (Entered: 09/24/2021) |
| 10/05/2021 | | Report of Trustee at 341(a) Meeting. The Sec. 341(a) meeting was adjourned on 10/5/21. Debtor Did Not Appear; Joint Debtor Did Not Appear; Counsel Did Not Appear; Continued Meeting of Creditors to be held on 10/19/2021 at 02:00 PM at http://www.meyer13.com/ or call Trustees office (559) 275-9512 for instructions to appear. (Ware, Lindsey) (Entered: 10/05/2021) |
| 10/20/2021 | | Report of Trustee at 341 Meeting. The 341 Meeting was held on 10/19/2021. Debtor Appeared; Joint Debtor Appeared; Appearance Counsel Nancy Klepac appeared. 341 Meeting Concluded as to Debtor and Joint Debtor. (Meyer, Michael) (Entered: 10/20/2021) |
| 11/16/2021 | 24 (1 pg) | Motion/Application to Dismiss Case [MHM-1] Filed by Trustee Michael H. Meyer (jbrm) (Entered: 11/16/2021) |
| 11/16/2021 | 25 (2 pgs) | Notice of Hearing Re: 24 Motion/Application to Dismiss Case [MHM-1] to be held on 12/15/2021 at 09:30 AM at Fresno Courtroom 13, Department B. (jbrm) (Entered: 11/16/2021) |
| 11/16/2021 | 26 (2 pgs) | Declaration of Elizabeth Roberts in support of 24 Motion/Application to Dismiss Case [MHM-1] (jbrm) (Entered: 11/16/2021) |
| 11/16/2021 | 27 (3 pgs) | Certificate/Proof of Service of 24 Motion/Application to Dismiss Case [MHM-1], 25 Notice of Hearing, 26 Declaration (jbrm) (Entered: 11/16/2021) |
| 11/20/2021 | 28 (2 pgs) | Notice of Intent to Close Chapter 13 Case Without Entry of Discharge Due to Failure to File Financial Management Course Certificate as Transmitted to BNC for Service. (Auto) (Entered: 11/20/2021) |
| 11/24/2021 | 29 (3 pgs) | Certificate of Mailing of Notice of Intent to Close Chapter 13 Case Without Entry of Discharge Due to Failure to File Financial Management Course Certificate as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 11/24/2021) |
| 12/15/2021 | 30 (2 pgs) | Civil Minutes -- Motion Granted, Resolved without Oral Argument Re: 24 - Motion/Application to Dismiss Case [MHM-1] (auto) (Entered: 12/17/2021) |
| 12/20/2021 | 31 (1 pg) | Order Granting 24 Motion/Application to Dismiss Case [MHM-1] (jbrm) (Entered: 12/20/2021) |
| 12/20/2021 | 32 (1 pg) | Notice of Entry of Order as Transmitted to BNC for Service Re: 31 Order Granting 24 Motion/Application to Dismiss Case [MHM-1] (jbrm) (jbrm) (Entered: 12/20/2021) |
| 12/22/2021 | 33 (3 pgs) | Certificate of Mailing of Notice of 32 Notice of Entry of Order of Dismissal as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 12/22/2021) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/11/2022 08:19:01 | | |
| PACER Login: | Lubbocks490 | Client Code: |
| Description: | Docket Report | Search Criteria: | 21-12079 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: Included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 3 | Cost: | 0.30 |

EXHIBIT 1
PAGE 49 OF 59

# EXHIBIT "F"

EXHIBIT 1
PAGE 50 OF 59

Recording Requested by Sign]itisle

TS·No.: 2021-00110-CA

**RECORDING REQUESTED BY:**
Premium Title of California

**WHEN RECORDED MAIL TO:**
Western Progressive, LLC
Northpark Town Center
1000 Abernathy Rd NE; Bldg 400, Suite 200
Atlanta, GA 30328

2021-0019655

| Recorded | | REC FEE | 30.00 |
| Official Records | | | |
| County of | | AFF SB2 HOUSE | 75.00 |
| Tulare | | | |
| ROLAND P. HILL | | | |
| Clerk Recorder | | | |
| | | NO | |
| 10:25AM 22-Mar-2021 | | Page 1 of 4 | |

TS No.: 2021-00110-CA

APN No.:119-590-036-000

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**PURSUANT TO CIVIL CODE 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACION DE ESTE DOCUMENTO
TALA  MAYROONG BUOD NG IMPORMASYON  SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH  BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG  TÀI LIỆU NÀY

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately **90** days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$11,459.53 as of 04/09/2021**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

EXHIBIT 1
PAGE 51 OF 59

TS No.: 2021-00110-CA

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
## DEED OF TRUST

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-WMC2, By PHH Mortgage Corporation its attorney in-fact

C/O Western Progressive, LLC
Northpark Town Center
1000 Abernathy Rd NE; Bldg 400, Suite 200
Atlanta, GA 30328
Servicer Phone: 877-744-2506

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

**Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That Western Progressive, LLC is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 08/08/2005, executed by, CHARLOTTE JACKSON, A MARRIED WOMAN, AS HER SOLE AND SEPARATE PROPERTY, as Trustor, to secure certain obligations in favor of WMC MORTGAGE CORP AS LENDER MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS BENEFICIARY

., recorded 08/16/2005 , as Instrument No. 2005-0088741 , in Book ---, Page — , of Official Records in the Office of the Recorder of Tulare County, California describing land therein as: As more particularly described on said Deed of Trust.

EXHIBIT 1
PAGE 52 OF 59

TS No.: 2021-00110-CA

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
## DEED OF TRUST

Street Address or other common designation of real property:

4747 WEST ASHLAND AVENUE, VISALIA, CA 93277

The subject obligation includes ONE NOTE(S) FOR THE ORIGINAL sum of $317,600.00. A breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of the following:

Installment of Principal and Interest plus impounds and/or advances which became due on 05/01/2020 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.

You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.

Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.

Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents.

That by reason thereof, the present beneficiary under such deed of trust, has delivered to said duly appointed Trustee, a written request to commence foreclosure, and has deposited with said duly appointed Trustee, a copy of the deed of trust and other documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

2. The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code §2923.S and Civ. Code §2923.55 to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

See attached Declaration.

Dated: March 19, 2021

Western Progressive, LLC, as Trustee for beneficiary

Iman Walcott, Trustee Sale Assistant

**WESTERN PROGRESSIVE, LLC MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

EXHIBIT 1
PAGE 53 OF 59

TS No.: 2021-00110-CA

## California Declaration of Compliance
### (Civ. Code § 2923.5 and Civ. Code § 2923.55)

Borrower(s): CHARLOTTE JACKSON
Property Address: 4747W ASHLAND AVE, VISALIA, CA 93277

The undersigned declares as follows:

I am employed by the undersigned mortgage servicer, and I have reviewed its business records for the borrower's loan, including the borrower's loan status and loan information, to substantiate the borrower's present loan default and the right to foreclose. The information set forth herein is accurate, complete and supported by competent and reliable evidence that I have reviewed in the mortgage servicer's business records. Those records reflect one of the following.

☐ The mortgage servicer contacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.5 and Civ. Code § 2923.55. Thirty days, or more, have passed since the initial contact was made.

☑ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.5 and Civ. Code § 2923.55 to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

☐ The mortgage servicer was not required to comply with California Civil Code § 2923.5 and Civ. Code § 2923.55 because the individual does not meet the definition of a "borrower" under Civil Code §2920.5(c).

☐ California Civil Code Section 2923.55 does not apply because the loan is not secured by a first lien mortgage or deed of trust on residential real property that meets the criteria in California Civil Code Section 2924.15(a)(1) ("owner occupied") or Section 2924.15 (a)(2) ("occupied by tenant").

Signed and Dated:

By: PHH Mortgage Corporation as Servicer for Deutsche Bank National Trust Company, as Trustee for GSAMF Trust 2005-WMC2

Aaron Friedlander
**Print Name**

_____
**Signature**

2/11/2021
**Date**

EXHIBIT 1
PAGE 54 OF 59

# EXHIBIT "G"

EXHIBIT 1
PAGE 55 OF 59

Recording Requested by Simplifile

IIIIIIIIIIIIIIIIIIIIIIII
**2021-0046405**

TS No.:2021-00110-CA

**RECORDING REQUESTED BY**
**Premium Title of California**

**AND WHEN RECORDED MAIL TO:**
**Western Progressive, LLC**
**Northpark Town Center**
**1000 Abernathy Rd. NE; Bldg. 400, Suite 200**
**Atlanta, GA 30328**

| Recorded | REC FEE | 30.00 |
| Official Records | | |
| County of | AFF SB2 HOUSE 75.00 |
| Tulare | |
| TARA FREITAS, CPA | |
| CLERK RECORDER | |
| | WA |
| 08:31AM 24-Jun-2021 | Page 1 of 4 |

SPACE ABOVE THIS LINE FOR RECORDERS USE

T.S. No.: 2021-00110-CA                        A.P.N.:119-590-036-000
Property Address: 4747 WEST ASHLAND AVENUE, VISALIA, CA 93277

## NOTICE OF TRUSTEE'S SALE

**PURSUANT TO CIVIL CODE § 2923.3(a) and (d), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IMPORTANT NOTICE TO PROPERTY OWNER:**
YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 08/08/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

Trustor: **CHARLOTTE JACKSON, A MARRIED WOMAN, AS HER SOLE AND SEPARATE PROPERTY**
Duly Appointed Trustee: **Western Progressive, LLC**
Deed of Trust Recorded 08/16/2005 as Instrument No. 2005-0085741 in Book —, Page — and of Official Records in the office of the Recorder of Tulare County, California
Date of Sale: 08/31/2021 at 01:00 PM
Place of Sale:     **FRONT ENTRANCE, TULARE CITY HALL, 411 E. KERN AVE, TULARE, CA 93274**

Estimated amount of unpaid balance, reasonably estimated costs and other charges: $169,594.62

Version 1.2 CA NOS 1220                                    Page 1 of 4

EXHIBIT 1
PAGE 56 OF 59

TS No.: 2021-00110-CA

## NOTICE OF TRUSTEE'S SALE

**THE TRUSTEE WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, A SAVINGS ASSOCIATION OR SAVINGS BANK SPECIFIED IN SECTION 5102 OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:**

All right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described as:

More fully described in said Deed of Trust.

Street Address or other common designation of real property: 4747 WEST ASHLAND AVENUE, VISALIA, CA 93277
A.P.N.: 119-530-036-000

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.

The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is:
**$169,594.62.**

Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt.

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.**

The beneficiary of the Deed of Trust has executed and delivered to the undersigned a written request to commence foreclosure, and the undersigned caused a Notice of Default and Election to Sell to be recorded in the county where the real property is located.

Version 1.2 CA NOS 1220

Page 2 of 4

EXHIBIT 1
PAGE 57 OF 59

TS No.: 2021-00110-CA

## NOTICE OF TRUSTEE'S SALE

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on this property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (866)-960-8299 or visit this Internet Web site http://www.altisource.com/MortgageServices/DefaultManagement/TrusteeServices.aspx using the file number assigned to this case 2021-00110-CA. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

EXHIBIT 1
PAGE 58 OF 59

TS No.: 2021-00110-CA

## NOTICE OF TRUSTEE'S SALE

**NOTICE TO TENANT:** You may have a right to purchase this property after the trustee auction, if conducted after January 1, 2021, pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call (855)-976-3916, or visit this internet website https://tracker.auction.com/sb1079, using the file number assigned to this case 2021-00110-CA to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid, by remitting the funds and affidavit described in Section 2924m(c) of the Civil Code, so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

Western Progressive, LLC, as Trustee for Beneficiary
C/o 1500 Palma Drive, Suite 237
Ventura, CA 93003
Sale Information Line:  (866) 960-8299
http://www.altisource.com/MortgageServices/DefaultManagement/TrusteeServices.aspx

Date: June 22, 2021                Tanesha Humphrey, Trustee Sale Assistant

**WESTERN PROGRESSIVE, LLC MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

EXHIBIT 1
PAGE 59 OF 59