1 | Robert W. Norman, Jr. (SBN 232470)
2 | Daniel R. Findley (SBN 341078)
  | HOUSER LLP
3 | 9970 Research Drive
  | Irvine, California 92618
4 | Telephone: (949) 679-1111
  | Facsimile: (949) 679-1112
5 | E-Mail: bnorman@houser-law.com

Attorneys for Defendants, PHH Mortgage Corporation and Deutsche Bank National Trust Company, As Trustee For GSAMP Trust 2006-WPAC2, Pooling And Servicing Agreement Dated As Of November 1, 2006

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE JACKSON,<br><br>        Plaintiff,<br><br>    vs.<br><br>PHH MORTGAGE CORPORATION; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2006-WPAC2, POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2006; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.: 1:22-cv-00479-DAD-SAB<br><br>**DEFENDANTS PHH MORTGAGE CORPORATION AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2006-WPAC2's NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>Hearing –<br>Date:    July 19, 2022<br>Time:  9:30am<br>Judge: Hon. Dale A. Drozd<br>Place:  Courtroom 5<br>              2500 Tulare Street<br>              Fresno, CA 93721<br><br>Case Filed: March 16, 2022<br>Case Removed: April 21, 2022 |

    TO THE COURT, CLERK, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

    **PLEASE TAKE NOTICE** that on July 19, 2022, at 9:30 a.m., or as soon thereafter as counsel may be heard, in courtroom 5 of the above captioned court, Defendants PHH Mortgage

Corporation and Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2006-WPAC2 (collectively, "Defendants") will, and hereby do, move to dismiss with prejudice the Complaint filed by plaintiffs Charlotte Jackson ("Plaintiff"). This motion is made pursuant to Federal Rules of Civil Procedure 12(b)(6) on grounds that the Complaint fails to state a claim upon which relief may be granted against Defendants.

This motion is based on this Notice and Motion, the attached Memorandum of Points and Authorities in Support; any matters that may or must be judicially noticed; the pleadings and records on file in this action; and any further evidence, arguments, or authorities presented at or before the hearing of this Motion.

Dated: May 27, 2022                        **HOUSER LLP**

                                            /s/ Robert W. Norman
                                            Robert W. Norman
                                            Attorneys for Defendants,
                                            PHH Mortgage Corporation and Deutsche
                                            Bank National Trust Company, as Trustee
                                            for GSAMP Trust 2006-WPAC2

---

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

2

**I.      INTRODUCTION**

3      Plaintiff is suing for damages that are related to allegedly violating various California
4  statutes and the Chapter 13 bankruptcy stay. The judicially noticeable documents further establish
5  that Plaintiff's contentions do not entitle Plaintiff to the relief they have requested.

6      First, Plaintiff alleges that the Notice of Default did not satisfy the applicable statutory
7  requirements because a Substitution of Trustee was not recorded. Second, Plaintiff alleges that
8  Defendants failed to notify her of all foreclosure alternatives. Third, Plaintiff alleges a negligence
9  claim. Fourth, Plaintiff realleges the first two allegations along with an allegation that Defendants
10  violated the automatic stay during the # 19-13984 bankruptcy proceeding, thereby leaving
11  Defendants without authority to foreclose. Fifth, Plaintiff alleges that Defendants had a duty to
12  return to borrower all surplus money from the foreclosure sale. Sixth, Plaintiff realleges the five
13  previous allegations and states that because of these allegations Defendants violated the Business
14  and Prof. Code §§ 17200, *et seq*. Seventh, Plaintiff realleges the above allegations and alleges
15  that the Notice of Default and Notice of Trustee's Sale are voidable.

16      Plaintiff's first claim fails because a Substitution of Trustee was recorded in the Official
17  Records of the County of Tulare on February 16, 2021, as Instrument No. 2021-0011149.
18  Plaintiff's second claim fails because a Foreclosure Loss Mitigation Letter was sent to Plaintiff
19  on March 26, 2021, in compliance with Civ. Code § 2924.9. Plaintiff's third claim fails because
20  Defendants never owed Plaintiff a negligence duty. Plaintiff's fourth claim fails because
21  Defendants were not bound by the Automatic Stay, as stated in section 3.10 & 3.11 in either
22  Amended Chapter 13 Bankruptcy Plan filed in case # 19-13984. Plaintiff's fifth claim fails
23  because Defendants have followed the legal requirements concerning the proper disbursement of
24  surplus funds to Plaintiff and sent a Notice of Excess Proceeds to Plaintiff on April 5, 2022.
25  Plaintiff's sixth claim fails because this claim relies upon the five previously alleged claims which
26  all fail. Plaintiff's seventh claim fails because Plaintiff cannot show a reasonable apprehension of
27  injury and because these claims rely upon the previously alleged claims which all fail as described
28  above.

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## II.    FACTUAL BACKGROUND

### A.  Loan Origination

On or about August 8, 2005, Plaintiff obtained a $317,600.00 mortgage loan from WMC Mortgage Corp. (the "Loan"). The Loan was secured against the real property located at 4747 W. Ashland Ave, Visalia, CA 93277 (the "Property") by the Deed of Trust in favor of Defendant Mortgage Electronic Registrations Systems, Inc. ("MERS"), as nominee for WMC Mortgage Corp. See attached, **Exhibit 1**. The Trustee is Westwood Associates. The Deed of Trust was recorded on August 16, 2005, in the Official Records of the County of Tulare as Instrument No. 2005-0088741.

On or about November 1, 2005, MERS, as nominee for Westwood Associates transferred its beneficial interest under the Deed of Trust to Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement dated as of November 1, 2005, GSAMP Trust 2005-WMC2, through an Assignment of the Deed of Trust recorded on August 23, 2011, in the Official Records of the County of Tulare as Instrument No. 2011-0048790. See **Exhibit B** attached to the **Complaint**.

On or about March 26, 2012, MERS as nominee for WMC Mortgage Corp. transferred its beneficial interest under the Deed of Trust to Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-WMC2, through an Assignment of the Deed of Trust recorded on April 6, 2012, in the Official Records of the County of Tulare as Instrument No. 2012-0020978. See **Exhibit C** attached to the **Complaint**.

Plaintiff defaulted on the loan and a notice of default was recorded on March 22, 2021, in the Official Records of the County of Tulare as Instrument No. 2021-0019655 ("Notice of Default"). See **Exhibit F** attached to the **Complaint.** The Notice of Trustee's Sale was recorded on June 24, 2021, in the Official Records of the County of Tulare as Instrument No. 2021-0046405. See **Exhibit G** attached to the **Complaint**.

### B.  Plaintiff's Bankruptcies

On December 23, 2011, Plaintiff filed a chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District ("First Bankruptcy"), with the case # 11-63674.

1    However, Plaintiff failed to make plan payments and the First Bankruptcy, was dismissed on May

2    16, 2013.

3            On January 16, 2015, Plaintiff filed a second chapter 13 bankruptcy petition in the U.S.

4    Bankruptcy Court for the Eastern District ("Second Bankruptcy"), with the case # 15-10123.

5    Again, Plaintiff failed to make plan payments, and on October 11, 2016, the Second Bankruptcy

6    was dismissed.

7            On September 26, 2016, Plaintiff filed a third Chapter 13 bankruptcy case in the U.S.

8    Bankruptcy Court for the Eastern District ("Third Bankruptcy"), with the case # 16-13491. For

9    the third time, Plaintiff failed to make plan payments, and on May 10, 2017, the Third Bankruptcy

10   was dismissed.

11           On March 24, 2017, Plaintiff filed a fourth Chapter 13 bankruptcy case in the U.S.

12   Bankruptcy Court for the Eastern District ("Fourth Bankruptcy"), with the case # 17-11047. For

13   the fourth time, Plaintiff failed to make plan payments, and on October 10, 2019, the Fourth

14   Bankruptcy was dismissed.

15           On September 19, 2019, Plaintiff filed a fifth Chapter 13 bankruptcy case in the U.S.

16   Bankruptcy Court for the Eastern District ("Fifth Bankruptcy"), with the case # 19-13984. This

17   is the Bankruptcy case at issue in the current case before this court. For the fifth time, Plaintiff

18   failed to make plan payments, and on June 16, 2021, the Fifth Bankruptcy was dismissed. Notably

19   Defendants only disclosed their third and fourth bankruptcy filings when they should have

20   disclosed all four previous bankruptcy filings as they fell within the previous 8 years required for

21   disclosure.

22           On September August 27, 2021, Plaintiff filed a sixth Chapter 13 bankruptcy case in the

23   U.S. Bankruptcy Court for the Eastern District ("Sixth Bankruptcy"), with the case # 21-12079.

24   For the sixth time, Plaintiff failed to make plan payments, and additionally for unreasonable delay

25   by the debtor. On December 20, 2021, the Sixth Bankruptcy was dismissed.

26           On January 17, 2022, Plaintiff filed their seventh Chapter 13 bankruptcy case in the U.S.

27   Bankruptcy Court for the Eastern District ("Seventh Bankruptcy"), with the case # 22-10060. The

28   Seventh Bankruptcy is currently ongoing.

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1  **C. Plaintiff's State Court Action**

2  On March 16, 2022, Plaintiff filed the present action in the Tulare Superior Court ("State

3  Court Action"). See **Complaint**. On April 21, 2022, Defendants removed the State Court Action

4  to this Court.

5  **III.   ARGUMENT**

6  **A. Plaintiff Fails to State a Claim for Violation of Civ. Code § 2924(a)(1)**

7  First, Plaintiff alleges that the Notice of Default did not satisfy the applicable statutory

8  requirements because a Substitution of Trustee was not recorded, in violation of Civil Code §

9  2924(a)(1) which requires a trust deed beneficiary or its agent to be the one that authorizes the

10  foreclosure proceeding by filing the Notice of Default and related documents. Plaintiff claims that

11  a Substitution of Trustee was not recorded on the behalf of Western Progressive, LLC thereby

12  violating Civil Code § 2934a(a)(1).

13  However, this claim fails because a Substitution of Trustee substituting Western

14  Progressive, LLC was recorded in the Official Records of the County of Tulare on February 16,

15  2021, as Instrument No. 2021-001149. See attached, **Exhibit 2**. Defendants did not violate Civil

16  Code § 2934a(a)(1) as the Substitution of Trustee was recorded and Western Progressive, LLC

17  was properly substituted. Thus, Defendants complied with Civil § 2924(a)(1) when Western

18  Progressive, LLC filed the Notice of Default and related documents.

19  Therefore, Plaintiff fails to state a claim upon which relief can be granted, and this claim

20  should be dismissed.

21  **B. Plaintiff Fails to State a Claim for Violation of Civ. Code § 2924.9**

22  Second, Plaintiff alleges that Defendants failed to notify borrower of all foreclosure

23  alternatives within 5 days of the Notice of Default being recorded on March 22, 2021, as required

24  by Civil Code § 2924.9.

25  However, this claim clearly fails as a Foreclosure Loss Mitigation Letter was sent to

26  Plaintiff on March 26, 2021. See attached, **Exhibit 3**. Thus, Defendants complied with Civil Code

27  § 2924.9 when Defendants notified the borrower of all required foreclosure alternatives 4 days

28  after sending the Notice of Default.

1  Therefore, Plaintiff fails to state a claim upon which relief can be granted, and this claim

2  should be dismissed.

3  **C. Plaintiff Fails to State a Claim for Negligence Because There is Neither a**

4  **Negligence Duty nor Breach**

5  Third, Plaintiff alleges a negligence claim.

6  Plaintiff's third claim fails because Defendants owe no duty of care to Plaintiff. The

7  California Supreme Court has made it clear that "as a general rule, a financial institution owes no

8  duty of care to a borrower when the institution's involvement in the loan transaction does not

9  exceed the scope of its conventional role as a mere lender of money." *Sheen v. Wells Fargo Bank,*

10  *N.A.*, 12 Cal. 5th 905, 958 (2022) ("We hold that when a borrower requests a loan modification, a

11  lender owes no tort duty sounding in general negligence principals to 'process, review and respond

12  carefully and completely to the borrower's application.'"). Courts have previously held that

13  maintaining accurate and proper records are sufficiently entwined with money lending so as to not

14  give rise to a duty of care. *See Linza v. PHH Mortgage Corporation*, 2017 WL 4769082, at *9

15  (Cal. App. 3rd Dist. 2017) (citing *Ragland v. U.S. Bank Nat. Assn.*, 209 Cal.App.4th 182 (2012);

16  *Lanini v. JPMorgan Chase Bank*, 2014 WL 1347365 (E.D. Cal. 2014). The lender-borrower

17  relationship is not conducive to the existence of a duty. In *Sheen*, the California Supreme Court

18  noted Plaintiffs' failure to assert a "special relationship" between Plaintiff and the lender; in fact,

19  the *Sheen* Court specifically found the claims arose from the mortgage contract Plaintiff had with

20  the lender and therefore fell within the ambit of the economic loss doctrine. *See Sheen*, supra at

21  *1.

22  Further, Defendants' relationship with Plaintiff was defined by contract, and its action with

23  respect to foreclosure further defined by statute. New obligations should not be created where the

24  parties did not so agree, the legislature did not so declare, and the duty did not previously exist.

25  Defendants did not owe Plaintiff a duty of care and Defendants complied with the non-judicial

26  foreclosure requirements.

27  Therefore, Plaintiff fails to state a claim upon which relief can be granted, and this claim

28  should be dismissed.

### D.  Plaintiff Fails to State a Claim for Wrongful Foreclosure

Fourth, Plaintiff realleges the first two allegations (Civil Code §§ 2924(a)(1), 2924.9) along with an allegation that Defendants violated the automatic stay during the # 19-13984 bankruptcy proceeding, thereby leaving Defendants without authority to foreclose.

Plaintiff's fourth claim fails because the first and second causes of action have already been rebutted above and thus fail in support of a claim for wrongful foreclosure. Additionally, this claim fails because Defendants were not bound by the Automatic Stay, as stated in section 3.10 & 3.11 in either Amended Chapter 13 Bankruptcy Plan filed in case # 19-13984. See attached, **Exhibit 4**. Sections 3.10 & 3.11 state that Defendants were allowed to "exercise its rights against its collateral and any nondebtor in the event of a default under applicable law or contract."

Further, a mere technical violation of the foreclosure process does not give rise to a claim. *See Del Rosario*, 2021 WL 4123820, at *1 (*quoting Miles v. Deutsche Bank National Trust Co.* (2015) 236 Cal.App.4th 394, 408). Plaintiff did not plead a claim for wrongful foreclosure because she does not allege facts that the purported statutory violation was material. *See id*.

Therefore, Plaintiff fails to state a claim upon which relief can be granted, and this claim should be dismissed.

### E.  Plaintiff Fails to State a Claim for Interpleader Pursuant to Code Civ. Proc. § 386, Civ. Code §§ 2924j & 2924k

Fifth, Plaintiff alleges that Defendants had a duty to return to borrower all surplus money from the foreclosure sale.

Plaintiff's fifth claim fails because Defendants have complied with the legal requirements concerning the proper disbursement of surplus funds to Plaintiff, including the requirements under Code Civ. Proc. § 386 and Civ. Code §§ 2924j & 2924k. Defendants sent the Statement of Claim to Plaintiff on April 5, 2022. See attached, **Exhibit 5**. Further, Plaintiff clearly has knowledge that the surplus funds are in the process of being properly disbursed because Plaintiff contacted surplus counsel and requested a new claim form on April 12, 2022. The $134,172.73 in surplus funds are due to be distributed to Plaintiff in the near future and in compliance with legal timelines.

Therefore, Plaintiff fails to state a claim upon which relief can be granted, and this claim should be dismissed.

**F.   Plaintiff Fails to State a Claim for Unfair Business Practices, Violation of Bus. & Prof. Code §§ 17200, Et Seq. ("UCL")**

Sixth, Plaintiff realleges the five previous allegations and states that because of these allegations Defendants violated the Business and Prof. Code §§ 17200, *et seq*. ("UCL"). These alleged violations of the UCL are duplicative of Plaintiff's other failed claims.

In order to establish standing for a UCL claim, Plaintiff must establish they "(1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition." *Birdsong v. Apple, Inc*., 590 F.3d 955, 959 (9th Cir. 2009). "The complaint lacks facts of plaintiffs' money or property allegedly lost in that they were obligated to pay their loan and faced foreclosure if they failed to meet their obligations. Foreclosure of the property fails to support a UCL claim in the absence of allegations of Plaintiffs' performance to avoid default." *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F.Supp.2d 1186, 1205 (E.D. Cal. 2013); *accord Petrey v. Wells Fargo Bank, N.A.*, 2018 WL 5099279, at *12 (E.D. Cal. 2018) ("It is undisputed that Plaintiff defaulted on his mortgage payments, prompting the foreclosure process.").

If standing is established then Plaintiff must prove an underlying violation of law. *See Joe Hand Promotions, Inc. v. Alvarado,* 2011 WL 1544501 (E.D. 2011). "For an action based upon an allegedly unlawful business practice, the UCL borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Carter v. Bank of Am., N.A.,* 2012 WL 12887542 (C.D. 2012). The allegations supporting a claim "must state with reasonable particularity the facts supporting the … elements of the alleged violation." *Carter, supra*, at *10. In cases where the allegedly unlawful practice is based on the violation of another, "borrowed" law, the extinguishment of the "borrowed" violation also extinguishes the UCL claim. *Ingels v. Westwood One Broadcasting Services, Inc.,* 129 Cal.App.4th 1050, 1060 (2005); *Krantz v. BT Visual Images,* 89 Cal.App.4th 164, 178 (2001) (holding that the viability of a UCL claim will "stand or fall" with the underlying claims); *Rosal v. First Federal Bank of*

*California*, 671 F.Supp.2d 1111, 1126 (N.D. Cal. 2009) ("Where a plaintiff cannot state a claim under the 'borrowed' law, she cannot state a UCL claim either.").

Plaintiff's sixth claim fails because Plaintiff has not properly stated a claim for a violation of any law covered by the UCL. There is no dispute that Plaintiff is and has been in default on the loan, Plaintiff has not alleged in the Complaint any actions that Plaintiff took to avoid default, and Plaintiff has failed to properly state a claim as the five realleged claims all fail as explained above. Thus, Plaintiff has failed to establish standing concerning their UCL claim and further the extinguishment of the five "borrowed" claims extinguishes the UCL claim as well.

Therefore, Plaintiff fails to state a claim upon which relief can be granted, and this claim should be dismissed.

**G.  Plaintiff's Claim for Cancellation of Written Instruments is Unsupported by Any Facts**

Seventh, Plaintiff realleges the above allegations and alleges that the Notice of Default and Notice of Trustee's Sale are voidable.

To state a claim for relief, a plaintiff must show there is a reasonable apprehension that if left outstanding, the instrument may cause serious injury to a person against whom it is void or voidable. *See* California Civil Code § 3412.

Plaintiff's seventh claim fails because Plaintiff cannot show a reasonable apprehension of injury – as any injury that would have been caused by the alleged violations would have already occurred – and because these claims rely upon the previously alleged claims which all fail as described above.

Therefore, Plaintiff fails to state a claim upon which relief can be granted, and this claim should be dismissed.

///

///

///

///

///

**IV.     CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiffs' Complaint with prejudice.


Dated: May 27, 2022                                    **HOUSER LLP**

                                                        /s/ Robert W. Norman
                                                       Robert W. Norman
                                                       Attorneys for Defendants,
                                                       PHH Mortgage Corporation and Deutsche
                                                       Bank National Trust Company, as Trustee
                                                       for GSAMP Trust 2006-WPAC2

**PROOF OF SERVICE**

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 9970 Research Drive, Irvine, CA 92618.

    On May 27, 2022 I served the following document(s) described as follows:

**DEFENDANTS PHH MORTGAGE CORPORATION AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2006-WPAC2's NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

    On the following interested parties in this action:

Tony Cara
CDLG, PC
2973 Harbor Boulevard, Suite 594
Costa Mesa, CA 92626-3912
P: (888) 615-6765
F: (888) 660-8874
Litigation.CDLG@gmail.com
*Attorney for Plaintiff*

☒    <u>FIRST CLASS MAIL</u>—By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices.  I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

    I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

    Executed on May 27, 2022 at Irvine, California.

_____
Jasmine Blanco

---

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**